### PETER CALL v. RAYMOND O'HARROW.

*Ejectment—Boundary for twenty years.*

Ejectment will not lie for land adjoining plaintiff's premises but on the other side of a fence which for twenty years the adjoining owners and occupants have treated as the boundary between their lots, Comp L. § 7137.

Error to Muskegon.   (Russell, J.)   June 7.—June 20.

EJECTMENT.   Defendant brings error.   Reversed.

*C. C. Chamberlain* for appellant.

*Cook, De Long & Fellows* for appellee.

SHERWOOD, J.   Call brought ejectment against O'Harrow for a strip of land about 12 feet wide, being a part of lot 10 in block 13, according to Newell's enlarged and corrected plat, in the city of Muskegon.   Plea, general issue, with notice that the strip claimed adjoined lot 9, with which it had been enclosed by a fence understood to be on the line between the two lots by the owners and occupants thereof for more than 20 years before suit brought, and that defendant had had the peaceable, uninterrupted possession, occupancy and use of the strip claimed, cultivating it and growing fruit-trees thereon in connection with lot 9; that he entered into possession in 1858, under a written contract for purchase, and received his deed therefor in 1867; and

that the fence inclosing the disputed parcel with lot 9, was built upon a line agreed upon by one of plaintiff's grantors and the defendant.

The facts set up in the defendant's notice all seem to have been substantially proved; in fact, they do not appear to have been controverted; and the testimony further shows, without controversy, that the defendant's possession had always been under a claim of title which had never been brought in question until about the time of this suit, and that suit was commenced April 10, 1882. The original plat was introduced in evidence, and other testimony given showing that the disputed tract was a part of lot 10, as originally platted.

At the close of the trial the counsel for the defendant requested the court to charge the jury: " If the jury find from the evidence that the defendant entered into the possession of the land described in the plaintiff's declaration, in the year 1858 or 1859, under the impression that it was land for which he had contracted, and under such impression built and repaired its fences, planted fruit-trees and vines in and cultivated it, and that he has since that time, continuously to the commencement of this suit, been in such possession, quietly and peaceably cultivating and caring for the same without disturbance from any one," your verdict must be for the defendant. The court refused to so charge. The verdict was for the plaintiff and judgment was entered thereon.

We think the court erred in failing to give this request, and from the undisputed facts, as they appear to us in this record, the court might have very properly instructed the jury to return a verdict for the defendant. 2 Comp. L. 1871 p. 1973 § 7137; 2 Comp. L. 1857 p. 1403 § 5350;*

---

*Comp L. (1857) § 5350. No person shall commence an action for the recovery of any lands, nor make an entry thereupon, unless within twenty years after the right to make such entry or bring such action first accrued, or within twenty years after he, or those from, by or under whom he claims, shall have been seized or possessed of the premises, or shall have received the rents and profits of the same or some part thereof, except as hereinafter provided. (See next page.)

*Price v. Hopkin* 13 Mich. 318. The statute herein referred to is a limitation upon the right of plaintiff to bring this action, and ought to have been applied to the facts in this case.

. The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.

Comp. L. (1871) § 7137. That after the thirty-first day of December, in the year of our Lord eighteen hundred and sixty-three, no person shall bring or maintain any action for the recovery of any lands, or the possession thereof, or make any entry thereupon, unless such action is commenced, or entry made, within the time herein limited therefor, after the right to make such entry or to bring such action shall have first accrued to the plaintiff, or to some person through whom he claims, to-wit:

*First.* Within five years, where the defendant claims title to the land in question, by or through some deed made upon a sale thereof by an executor, administrator, or guardian, or by a sheriff or other proper ministerial officer, under the order, judgment, decree, or process of a court or legal tribunal of competent jurisdiction within this State;

*Second.* Within ten years, where the defendant claims title under a deed made by some officer of this State, or of the United States, authorized to make deeds upon the sale of lands for taxes assessed and levied within this State;

*Third.* Within fifteen years in all other cases.