### VANDEN BERG v. DE VRIES.

1. DEEDS—BOUNDARY LINE—NOTICE.

In a suit to quiet title by the purchasers of a part of a city lot, where their description overlapped that of defendant, actual and unequivocal possession to a certain well-defined line by defendant was *held*, sufficient notice to plaintiffs of where the line was claimed to be, although his deed was not of record.

2. ADVERSE POSSESSION—EVIDENCE—SUFFICIENCY.

Clear and cogent proof by defendant that his possession of a part of a city lot had been actual, continuous, visible, notorious, distinct, and hostile throughout the whole period prescribed by the statute, was sufficient to establish title by adverse possession.

Appeal from Ottawa; Cross (Orien S.), J. Submitted June 8, 1922. (Docket No. 54.) Decided November 2, 1922.

Bill by Harry G. Vanden Berg and another against Dirk L. De Vries to quiet title to certain land. De-

---

Authorities discussing the question as to whether possession of land as notice of title are collated in a note in 13 L. R. A. (N. S.) 49.

-fendant filed a cross-bill to quiet title.    From a decree for defendant, plaintiffs appeal.    Affirmed.

*Robinson & Den Herder* (*Arthur Van Duren,* of counsel), for plaintiffs.

*Fred T. Miles,* for defendant.

SHARPE, J.    In August, 1920, plaintiffs filed a bill to quiet title to a portion of lot 8, block 26, city of Holland.    Defendant answered and by cross-bill prayed that title to that portion of lot 8, possessed by him, be quieted in him.    We quote from an opinion of the trial judge:

"From the testimony it appears that in May, 1904, the defendant was given 35 feet of land off from lot 8, block 26, city of Holland, upon which he erected a house, built a lawn and driveway, erected a clothesline post on the north line of the property as established by himself and his grantor and since that time has been in open, notorious and adverse possession of the property.    Defendant did not obtain a deed of the property until July, 1905, and did not record the same until July, 1919.

"In July, 1909, the plaintiffs purchased the portion of lot 8 north of the property of the defendant and the description overlaps the description claimed by the defendant.    At the time the plaintiffs purchased their property the defendant had not filed his deed for record, but the possession of the defendant, the manner in which he maintained his lawn and driveway, the clothesline post, etc., clearly indicated the claim of the defendant as to his north line, and was sufficient notice to the plaintiffs of the claim of ownership of the defendant.    The plaintiffs have also recognized the clothesline post as the boundary line by planting flowers and shrubbery along the line."

Decree was entered fixing the north boundary of defendant's land as indicated in the opinion.    Plaintiffs have appealed and present two questions:

"That plaintiffs, having prior recorded deed, are entitled to a decree as against the defendant for the full amount of land purchased by them from the administrator.

"That defendant has not established title to any portion of said land by adverse possession."

Defendant's actual and unequivocal possession of the land in question at the time of plaintiffs' purchase of adjoining land was sufficient notice to plaintiffs of his claim.    It is said by a text writer that it is "notice to all the world."    Gates Real Property, p. 482.    And see *Banks* v. *Allen*, 127 Mich. 80; *Howatt* v. *Green*, 139 Mich. 289; *Clark* v. *Bussard, ante*, 304.

We think that the presence and concurrence of the essential elements of adverse possession, namely, that it had been actual, continuous, visible, notorious, distinct, and hostile throughout the whole period prescribed by the statute are established by clear and cogent proof, and the holding of the trial judge on this question is therefore sustained.

See *Pendill* v. *Agricultural Society*, 95 Mich. 491; *Yelverton* v. *Steele*, 40 Mich. 538; *Heiss* v. *Adams*, 149 Mich. 645.

That plaintiffs, out of possession, may file a bill to quiet title against defendant in possession (3 Comp. Laws 1915, § 12302, and *Seymour* v. *Rood*, 121 Mich. 173) was not raised in the trial court and therefore will not be considered here.    The decree is affirmed, with costs to appellee.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, and STEERE, JJ., concurred.    CLARK and MOORE, JJ., did not sit.