CORBISHLEY *v.* GRIBBEN.

1. ADVERSE POSSESSION—EVIDENCE—SUFFICIENCY.

In ejectment by the owner of a lot, evidence *held*, sufficient to establish that plaintiff had occupied, under claim of right, to a certain line of trees for about 50 years, and that he had thereby acquired title to the disputed strip of land by prescription, irrespective of whether or not the trees marked the true line as laid down in the survey of the plat.[1]

2. SAME—BOUNDARY LINE ESTABLISHED BY ADVERSE POSSESSION BEFORE STATE ACQUIRED TITLE NOT AFFECTED THEREBY.

Where the owner of a lot had acquired title to a strip of land by adverse possession, and the boundary line between said lot and the adjoining one had thus become fixed before the State acquired title to the adjoining lot in tax proceedings, neither the State nor its grantee may now disturb such established line.[2]

3. SAME.

A strip of land becoming part of a lot by prescription is included in the call for said lot, although it was once part of another lot.[3]

4. COVENANTS—GRANTEE OF STATE SHOULD REQUEST IT TO INTERVENE IN EJECTMENT PROCEEDINGS IF DESIRED.

If the grantee, claiming title to a strip of land under the State's deed to him, desired the State to defend ejectment proceedings brought by one claiming title thereto by adverse possession, he should have requested the State to intervene.[4]

Error to Sanilac; Boomhower (Xenophon A.), J. Submitted January 22, 1926. (Docket No. 75.) Decided March 20, 1926.

Ejectment by Fred A. Corbishley and another

[1]Adverse Possession, 2 C. J. § 621; [2]Id., 2 C. J. § 557 (Anno); [3]Id., 2 C. J. § 552; [4]Covenants, 15 C. J. § 96 (Anno).

against William Gribben and another.   . Judgment for plaintiffs, defendants bring error.    Affirmed.

*Robert J. West* and *Alex. B. Simonson,* for appellants.

*Robert W. McKenzie,* for appellees.

WIEST, J.    This is an action of ejectment, involving the north boundary line of lot 25 of the plat of A. W. Hand's survey of the village of Port Sanilac. Plaintiff owns lot 25 and claims the north line thereof has been fixed by adverse possession for 50 years and includes the strip of land in suit.    Defendant owns lot 26, which lies next to lot 25, denies the possession asserted by plaintiff and insists that under his deed from the State, of title derived by the State in tax proceedings, the lot lines as platted control and any other line, even though established by adverse possession, cannot be invoked.    Defendant took possession of the strip of land here involved and this suit was commenced to eject him therefrom.    The circuit judge made findings and stated conclusions of law, to which amendments were proposed by defendant and exceptions filed.    Judgment for plaintiff is here reviewed by writ of error.

The evidence supports the facts as found by the circuit judge.    We omit review of the evidence and merely state it was along the usual lines of old landmarks, ancient fences, buildings, improvements, hedgerows, and recollections of long time residents.    On the line claimed by plaintiff there stood for nearly 50 years a row of planted poplar trees.    If defendant's version is accepted, then someone in the early 70's set out this row of poplar trees the length of lot 26 at about its center.    Lot 26 was laid out 4 rods wide and no reason can be conceived for splitting it in the middle by such row of trees.    On the other hand, it

234—Mich.—20.

is significant that this row of trees followed the line of lots to the west thereof.

We think the evidence clearly established that the poplar trees were set upon the claimed boundary line between lots 25 and 26 about 50 years ago, and the owners of lot 25 thereafter occupied to such line of trees under claim of right as a part of lot 25, and by prescription acquired title to such line irrespective of whether that was the true line laid down in the Hand's survey.

The location of the present boundary line between lots 25 and 26 had become fixed by prescription at the time lot 26 was deeded by the auditor general to the commissioner of the State land office in 1907. Title by adverse possession ripened before title to lot 26 vested in the State and neither the State or its grantee may now disturb such established line. If the strip in suit was once a part of lot 26 and is now a part of lot 25 by virtue of prescription it is included in the call for lot 25. Lot 25, inclusive of the strip in suit, is only its platted width. The trouble here manifest originated in laying out more 4-rod lots than the land platted would accommodate. Somewhere there had to come a pinch. The owners of lots 23, 24 and 25, lying between lot 26 and the south end of the plat, had for about 50 years held, occupied and enjoyed full plat size lots and paid the taxes thereon. The strip of land in suit, until defendant purchased lot 26 in 1923, was claimed to be, and openly formed a part of lot 25. If defendant desired the State to defend the action under its deed to him he should have requested the State to intervene.

The errors alleged have been considered, and, no ground for reversal appearing, the judgment is affirmed, with costs to plaintiffs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.