FOSTER *v.* WAGENAAR.

ADVERSE POSSESSION—BOUNDARIES—PRESCRIPTION.

Title by adverse possession was acquired where possession and occupation of city lot continued for more than statutory period, although boundary thus established is not true line according to plat.

Appeal from Ottawa; Cross (Orien S.), J. Submitted April 16, 1930. (Docket No. 130, Calendar No. 34,344.) Decided October 3, 1930.

Petition by W. C. Foster against Roelof Wagenaar and Wichers Lumber Company for writ of assistance to recover possession of real estate. From a decree for defendant Lumber company, plaintiff appeals. Affirmed.

*Cross, Foote & Sessions,* for plaintiff.

*Jarrett N. Clark,* for defendant Wichers Lumber Company.

McDONALD, J. The plaintiff filed a petition for a writ of assistance to recover possession of the north 67 feet of lot 11, and the north 67 feet of the east 28 feet of lot 12, block 3, of the original plat to the city of Zeeland, Ottawa county, Michigan. The record title to this property was formerly in defendant Wagenaar. The plaintiff acquired it by tax deed. Wagenaar did not appear to answer the petition and was defaulted. The trial court found that Wagenaar's property which the plaintiff acquired had a frontage of 119 feet, and decreed plaintiff

possession of that amount. The plaintiff claims that the description in his tax deed calls for 149.7 feet, and that the defendant Wichers Lumber Company is withholding possession of 30.7 feet which rightly belongs to him. The trial court held that the Wichers Lumber Company had title to this portion by adverse possession. The plaintiff has appealed.

The Wichers Lumber Company has the record title to lots 13 and 12 except the east 28 feet of lot 12. The plaintiff claims that the company is occupying a portion of this east 28 feet of lot 12 to which it has no title. There is no doubt that plaintiff would be right if the boundary lines planned in the original plat had been followed. It was the plan of the original plat to make the lots of uniform size, each 7.6 rods in width. But it was found that there was not enough land to do this. The shortage ought to have been apportioned *pro rata* among the several lots but that was not done. The property owners who first bought lots in the plat established their own boundary lines and in doing so crowded over on lot 11. So that instead of occupying a lot with 149.7 feet frontage, the defendant Wagenaar had but 119 feet. There is no difficulty in locating lot 11 or the east 28 feet of lot 12. There is no doubt that the boundary line between the two descriptions is not where it ought to be, but the Wichers Lumber Company insists that its present location was established 30 or 40 years ago and has been lived up to continuously since that time, that it was marked by a board fence which was torn down 22 years ago and a lumber shed built by the Wichers Company in its place.

The evidence supports this contention. The line as evidenced by the fence and later by the lumber shed has been treated as the correct boundary line

by adjacent property owners for more than the statutory period. It cannot now be disturbed though the surveys show it is at variance with the true line. As title to the disputed portion of land bounded by the present line was acquired by the Wichers Company by prescription before the plaintiff received his deed from the auditor general, possession cannot now be disturbed. *Corbishley* v. *Gribben,* 234 Mich. 304.

The decree of the trial court is affirmed, with costs to Wichers Lumber Company.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.