GOULD *v.* FIERO.

1. ADVERSE POSSESSION—BOUNDARIES.
   Title by adverse possession was acquired where possession and occupation of city lot continued for more than statutory period, although boundary thus established is not true line according to plat.

2. SAME—EJECTMENT—DIRECTED VERDICT.
   In ejectment to recover strip of land and to settle boundary between two city lots, where it appeared that defendants had had possession of said strip for more than statutory period, that line was marked by stakes, post, and trees, that they had occupied said strip as their own under claim of right, and had planted hedge thereon, they were entitled to directed verdict, on ground that they had title by adverse possession.

3. SAME—RUNNING OF STATUTE.
   That some one occasionally ran over hedge on strip of land in dispute, or turned too short at street line, is not sufficient to raise issue of adverse possession.

Error to Jackson; Simpson (John), J. Submitted January 6, 1933. (Docket No. 45, Calendar No. 35,774.) Decided April 4, 1933.

Ejectment by John Gould and another against Leo J. Fiero and another to recover possession of narrow strip of land lying between parties' property. Verdict and judgment for plaintiffs. Defendants appeal. Reversed, and judgment ordered entered for defendants.

*Frank L. Blackman,* for plaintiffs.

*Richard Price,* for defendants.

CLARK, J. Plaintiffs brought ejectment to determine title to a narrow strip of land and to settle boundary, and had verdict and judgment, from which defendants have appealed.

Plaintiffs own lot 7, block 2, J. C. Wood's Addition to Jackson. Defendants own part of lot 6, adjoining on the north. The disputed strip lies between the two parcels and averages about one foot in width. The dispute was produced by survey of a lot south of plaintiffs' lot, by reason of which plaintiffs were asked to concede a different lot line on the south, which they did, and they in turn asked defendants to make like concession to them, which was refused. The jury found the surveyed line, according to a correct and original survey, to be as claimed by plaintiffs. The finding could not well have been otherwise. The resurvey involved an original monument, and its correctness is sustained by at least the great weight of the evidence.

Adverse possession was also submitted as an issue of fact. We think on this issue defendants were entitled to a directed verdict, as requested. Defendants had possession of the disputed strip for more than the statutory period before suit. The line was marked by stakes, a post, and by trees. Defendants' lot, including the strip, in early years was maintained at a different grade from that of the lot now

owned by plaintiffs. It was occupied by defendants by way of care usual to owners of lots. Later, and after the grade of the lot now owned by plaintiffs was raised, defendants planted a hedge along the line which was on the line of the disputed strip. Defendants cared for and maintained the hedge and cut grass. Defendants at all times here in question have used and occupied the strip as their own and under claim of right. Plaintiffs had a driveway south of the hedge. That someone occasionally ran over the hedge or turned too short at the street line is not sufficient to raise an issue of adverse possession.

In *Whitaker* v. *Shooting Club,* 102 Mich. 454, 459, the established rule of this court respecting adverse possession is stated:

" 'It is sufficient if the acts of ownership are of such a character as to openly and publicly indicate an assumed control or use such as is consistent with the character of the premises in question.' *Murray* v. *Hudson,* 65 Mich. 670, 673."

The syllabus of *Foster* v. *Wagenaar,* 251 Mich. 370:

"Title by adverse possession was acquired where possession and occupation of city lot continued for more than statutory period, although boundary thus established is not true line according to plat."

Plaintiffs' contention that there could not be adverse possession because they did not have actual knowledge that the holding was adverse is answered by *Bird* v. *Stark,* 66 Mich. 654, quoting syllabus:

"Adverse possession for 15 years is a statutory bar, and needs no agreement; and actual knowledge of such adverse holding is not required when the circumstances are such that the contiguous holder ought to have such knowledge."

Although defendants may have been mistaken as to the true line, they took the disputed strip, believing it to be their own, and they have claimed and held it adversely for more than the statutory period, and hence have title to it by adverse possession. 2 C. J. p. 141; *Call v. O'Harrow,* 51 Mich. 98; *Vandenberg v. DeVries,* 220 Mich. 484; *Pugh v. Schindler,* 127 Mich. 191.

Reversed, with costs, and remanded for judgment for defendants.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.