SIMON *v.* SCHOOL BOARD OF DISTRICT NO. 2
OF RICHLAND AND MILLS TOWNSHIPS.

1. ADVERSE POSSESSION—NOTICE OF CLAIM.

Defendant's actual and unequivocal possession of land within description of deed of adjacent land at time of purchase by plaintiff from a third party is sufficient notice to plaintiff of defendant's claim of adverse possession.

2. EJECTMENT—ACTUAL KNOWLEDGE OF ADVERSE POSSESSION.

Adverse possession for 15 years is a statutory bar to action of ejectment and actual knowledge of such adverse holding is not required when the circumstances are such that the contiguous holder ought to have such knowledge (3 Comp. Laws 1929, § 13964).

3. ADVERSE POSSESSION—ESSENTIALS.

It is essential that adverse possession of land to be effective must be actual, continuous, visible, notorious, distinct, and hostile throughout the statutory period (3 Comp. Laws 1929, § 13964).

4. EJECTMENT—ADVERSE POSSESSION—EVIDENCE—SCHOOLHOUSES.

In ejectment by adjoining landowner against school district, evidence that new school building, even if erected within 15-year period immediately preceding action, was upon land enclosed some 25 years previously and continuously occupied by school district up to fence on what it had supposed was property line *held*, to require direction of verdict for defendant (3 Comp. Laws 1929, § 13964).

5. ADVERSE POSSESSION—BURDEN OF PROOF.

One' claiming title by adverse possession has the burden of establishing it.

6. LIMITATION OF ACTIONS—PURPOSE OF STATUTE.

Statutes limiting the right to bring actions for the recovery of land are for the purpose of preventing litigation, quieting title, and securing peace among citizens and are statutes of repose (3 Comp. Laws 1929, § 13964).

7. EVIDENCE—EJECTMENT—UNRECORDED SURVEYOR'S MAP.

In action of ejectment, an unrecorded surveyor's map, while not admissible as an accurate surveyor's map, where it had been

relied upon by defendant school district for purpose of fencing its property, was admissible for purpose of showing possession under color of title and the extent thereof and, where it was acknowledged that more had been fenced in than was shown on survey, the error in admitting it, if any, was immaterial and harmless.

8. Adverse Possession—Actual Possession—Presumption of Hostility.

. When the possession is by actual occupation of the possessor, or by his tenants, under claim of title, his possession is visible, open, notorious, distinct, and will be presumed to be hostile.

Appeal from Ogemaw; Shaffer (John C.), J. Submitted October 10, 1941. (Docket No. 39, Calendar No. 41,706.) Decided December 2, 1941.

Ejectment by Kollman Simon and wife against School Board of District No. 2 of Richland and Mills Townships. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Ernest Nichols Papps,* for plaintiffs. .

*James B. Ross,* for defendant.

Chandler, J. On May 14, 1940, plaintiffs brought this action in ejectment, claiming title to that portion of land upon which defendants' schoolhouse building stands. Defendant claimed title by adverse possession for a period longer than 15 years (3 Comp. Laws 1929, § 13964 [Stat. Ann., § 27.593]), and prevailed in the lower court where a trial by jury was had.

This appeal follows.

Plaintiffs and defendant are adjoining landowners; defendant purchased its property on October 30, 1897, and plaintiffs secured their title in

December 1918. Plaintiffs' deed contained the following description:

"The southwest quarter of the northwest quarter of section 19, town 21 north of range 4 east, all except 1 acre of land in the southwest corner belonging to school district number two."

And defendant's deed contained the following:

"beginning at the southwest corner of the southwest fractional quarter of the northwest quarter of section 19 in town 21 north, of range 4 east. Thence north along the west line of said section 12.65 rods; thence easterly parallel with the south line of said section, 12.65 rods; thence southerly parallel with the west line of said section 12.65 rods, to the quarter line; thence west along said quarter line 12.65 rods; to the place of beginning containing 1 acre of land more or less."

Defendant now occupies, and has, since 1897, 1.8 acres, and plaintiffs' sole complaint as contained in their declaration is as follows:

"That while plaintiffs were so possessed of the aforesaid described real-estate property the defendant afterwards entered unto said premises and caused the removal of a schoolhouse building from their said above-described property to the plaintiffs' land thereby making the use of 1,400 feet or 350 feet from each way, the north, south, east and west, in direct line of the schoolhouse building."

There is uncontradicted testimony that the school building stands within the confines of fences which the school board, in an attempt to define the property they believed they owned, erected in 1899 and continuously maintained thereafter; according to further uncontradicted testimony, when new fences were built, the old ones were torn down and the new

fences were placed in exactly the same position. Thus, by the time plaintiffs acquired title in 1918 their grantor was barred from bringing a successful ejectment action (see *Gildea* v. *Warren,* 173 Mich. 28), and plaintiffs are not even in the position of innocent, unknowing purchasers, for:

"Defendant's actual and unequivocal possession of the land in question at the time of plaintiffs' purchase of adjoining land was sufficient notice to plaintiffs of his claim. It is said by a text writer that it is 'notice to all the world.' Gates, Real Property, p. 482. And see *Banks* v. *Allen,* 127 Mich. 80; *Howatt* v. *Green,* 139 Mich. 289; *Clark* v. *Bussard,* 220 Mich. 304." *Vanden Berg* v. *DeVries,* 220 Mich. 484.

Adverse possession for 15 years is a statutory bar, and actual knowledge of such adverse holding is not required when the circumstances are such that the contiguous holder ought to have such knowledge. *Bird* v. *Stark,* 66 Mich. 654, cited with approval in *Gould* v. *Fiero,* 262 Mich. 467, and more recently in *Trowbridge* v. *State Highway Commissioner,* 296 Mich. 587.

There was undisputed testimony that defendant entered into the possession of the land in 1897, or, at the latest, 1899, when the fence was built, under the impression that it was the land which it bought, and the court might have very properly instructed the jury to return a verdict for the defendant on these facts. *Call* v. *O'Harrow,* 51 Mich. 98.

Plaintiffs do not seriously question the fact that, with the exception of length of time, the concurrence of the essential elements of adverse possession, namely, that it had been actual, continuous, visible, notorious, distinct, and hostile throughout, are present. See *Vanden Berg* v. *DeVries, supra; Cotton* v.

*McClatchey*, 277 Mich. 109. But they contend, disregarding the fence, that the new school building was erected in 1927 and this date is the first time defendant encroached upon their land. Plaintiffs did not testify that the new school was built in 1927 but rely solely on one conjecture made by a school board witness, which statement was later contradicted by this same witness after having an opportunity to refresh his recollection by examining the minutes of the school board meetings in 1924 which this witness wrote at that time. The other school board witnesses placed the date of the new building as of the fall of 1924.

Even if credence is given to the avowed guess of 1927, the witness testified that the new school building was built where the outside toilets were on land within the fence enclosure, thus, on land continuously occupied by defendant before the erection of the new school building. This testimony was not contradicted by anyone.

One claiming title by adverse possession has the burden of establishing it (*Gardner* v. *Gardner*, 257 Mich. 172), but as far back as 1897 in *Greene* v. *Anglemire*, 77 Mich. 168, this court said:

"Statutes limiting the right to bring actions for the recovery of land are for the purpose of preventing litigation, quieting title, and securing peace among citizens. They are statutes of repose, and have come to be regarded by courts and jurors with favor, rather than, as formerly, with disfavor."

On the record presented here the trial court not only would have been justified in directing, but should have directed, a verdict for defendant. *Gardner* v. *Gardner, supra; Gould* v. *Fiero, supra.*

The assignments of error all pertain to jury questions which in our view of the case, that the

trial court should have directed a verdict, are not pertinent.

Further error is assigned in permitting the jury to take to their room a surveyor's map that had not been recorded. Although, perhaps, it was not admissible as an accurate surveyor's map, *Merkel* v. *Consumers Power Co.*, 220 Mich. 128, it had been relied upon by defendant in fencing its property, and we held in *King* v. *Merritt*, 67 Mich. 194, that where a defendant in ejectment claims possession under deeds, whether valid or not, they are admissible in evidence for the purpose of showing possession under *color of title*, and the *extent* thereof. However, as it was acknowledged that more was fenced in than shown in the survey, such alleged error was immaterial and harmless.

See *Greene* v. *Anglemire,* 77 Mich. 168, where we said:

"When the possession is by actual occupation of the possessor, or by his tenants, under claim of title, his possession is visible, open, notorious, distinct, and will be presumed to be hostile. In such case the conditions are all sufficiently complied with to make the possession adverse, and sufficiently notified to other claimants, or parties interested."

We find no error in the case prejudicial to plaintiffs.

The judgment is affirmed with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.