YATCZAK *v.* CLOON.

1. ADVERSE POSSESSION—BURDEN OF PROOF.
   One claiming title by adverse possession has the burden of establishing it.

2. BOUNDARIES—COURTS—JURISDICTION.
   The equity court has no inherent jurisdiction to determine boundary lines.

3. ADVERSE POSSESSION—ELEMENTS.

Possession, to ripen into title by adverse possession, must be actual, visible, open, notorious, exclusive, continuous, uninterrupted for the statutory period, hostile, and under cover of claim of right (3 Comp. Laws 1929, § 13964).

4. SAME—BOUNDARIES—PRESCRIPTION—CITY LOT.

Title by adverse possession was acquired where possession and occupation of city lot continued for more than statutory period, although boundary thus established is not true line according to plat (3 Comp. Laws 1929, § 13964).

5. EJECTMENT—ADVERSE POSSESSION—EVIDENCE.

In ejectment of triangular strip of land about 4′ 8″ wide adjoining side of plaintiff's city lots but to which strip record title was in defendants, evidence presented question for jury as to whether or not plaintiff had actual possession of disputed area for more than the statutory period before defendants purchased their property (3 Comp. Laws 1929, § 13964).

6. SAME—ACTUAL KNOWLEDGE OF ADVERSE POSSESSION.

Adverse possession for 15 years is a statutory bar to action of ejectment and actual knowledge of such adverse holding is not required when the circumstances are such that the contiguous holder ought to have such knowledge (3 Comp. Laws 1929, § 13964).

7. ADVERSE POSSESSION—DIFFERENCE IN LEVEL OF LAND—PRESCRIPTION—SUBSEQUENT CONVEYANCE—REVIVAL OF TITLE.

Where record sustains finding that plaintiff and her husband had acquired title to disputed strip of land by adverse possession, the subsequent conveyance thereof by the record title holder of such strip could not revive the title in property that had already been lost, especially where an examination of the property would have disclosed that the adjoining portion of defendants' land was at a lower level than the disputed strip and plaintiff's land (3 Comp. Laws 1929, § 13964).

8. SAME—PUBLIC PROCLAMATION OF TITLE—ESTOPPEL.

One who acquires title to land by adverse possession thereof need not make a public proclamation of her claim of title to the property in dispute or be estopped to assert claim of ownership.

9. SAME—VERDICT—EVIDENCE.

In action of ejectment, evidence supported verdict for plaintiff that by adverse possession she had acquired title to disputed strip of land 4′ 8″ wide adjoining her city lots but to which defendants had record title.

10. EJECTMENT—ADVERSE POSSESSION—BOUNDARIES—INSTRUCTIONS —MONUMENTS—PLAT LINES.

Failure to give requested instructions relative to monuments indicating the locations of the adjoining city lots owned by the respective parties was not error where court did instruct jury in action of ejectment that title could be acquired by adverse possession even though boundary thus established is not the plat line.

11. SAME—FORM OF VERDICT AND JUDGMENT—DESCRIPTION OF DISPUTED AREA.

Judgment describing strip of land disputed in action of ejectment by courses and distances and with reference to plat of subdivision in which the adjoining city lots belonging to the respective parties were located, in the language which had been used by the city engineer, a witness, in describing the disputed area, was not contrary to written verdict of jury that plaintiff was ''entitled to the 4' 8" land * * * involved in this litigation'' where the term 4' 8" was common to both descriptions, since it was possible to ascertain what land jury intended plaintiff had acquired by adverse possession.

Appeal from Gogebic; Landers (Thomas J.), J. Submitted January 8, 1946. (Docket No. 6, Calendar No. 43,153.) Decided March 4, 1946.

Ejectment by Katherine Yatczak against Rudolph F. Cloon and Esther R. Cloon to recover possession of a strip of land. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*William F. Pellow,* for plaintiff.

*William G. Cloon,* for defendants.

SHARPE, J. This litigation involves the ownership and right of possession to the approximate easterly 4 feet and 8 inches of lots 3 and 6 of block 27 of the original plat of the village of Wakefield, Gogebic county.

Plaintiff, as surviving spouse of Anton Yatczak, brought an action in ejectment against Rudolph F. Cloon and Esther R. Cloon for possession of the easterly 4 feet 8 inches of lots 3 and 6 in the above-described property. Subsequently, Esther R. Cloon, record owner of title of the involved premises, filed a bill in chancery naming plaintiff and the city of Wakefield defendants. At the same time defendants Rudolph F. Cloon and Esther R. Cloon filed a motion to stay the proceedings in the ejectment action until the adjudication of the chancery suit. The trial court denied the motion to stay proceedings. Defendants thereupon filed an answer in the ejectment proceedings and urge that Esther R. Cloon obtained title to the premises through a bona fide purchase without notice of any claim of adverse title; that Katherine Yatczak is estopped to assert or claim any right or title to the premises involved; and that she (Esther R. Cloon) and her grantors have had continuous possession of the disputed strip since 1911.

It is the claim of plaintiff that in September, 1911, she and her husband purchased the west half of lots 1, 4, and 5 in block 27 of the original plat of the village of Wakefield; that prior to the purchase she and her husband examined the premises and were shown by their grantors a specific piece of land entirely surrounded by a fence; that the enclosed land included the property in dispute; that at the time plaintiff and her husband purchased the property there was a difference in the grade of the west one half of lots 1, 4, and 5 and the grade of lots 2, 3, and 6 which lots were lower and full of rocks and holes; that in 1911 there was a barn and outside toilet in the northwest corner of the premises which were partly situated on a portion of the premises in dispute; that these buildings remained there until 1921,

at which time sewers were installed and the barn and toilet torn down by plaintiff and her husband; that from the date of the purchase of the land plaintiff and her husband cultivated and improved the land, including the area in dispute, by hauling away rocks and filling in and leveling the grade of the land; that plaintiff occupied said disputed area from the date of purchase until the fall of 1939; that from 1911 to 1921 practically no change was made in the grade of lots 2, 3, and 6; that plaintiff's property was much higher than the level of lots 2, 3, and 6; that the west lot-line fence was standing in 1928 when plaintiff moved to Milwaukee; that when plaintiff returned from Milwaukee in 1935 the westerly line fence was down; that from 1926 to 1934 no improvements were made on the grade of lots 3, 6, and 7; that at the time defendant Esther R. Cloon purchased the property the grade of the easterly portion of lots 3 and 6 was lower than plaintiff's land; that plaintiff did not have any argument over the disputed area until 1939; that after a survey was made in 1939 defendant Rudolph F. Cloon occupied the disputed area and planted tulips therein and that in 1943 defendant Rudolph F. Cloon removed a clothes pole from the disputed area.

It is the claim of defendants that Thomas Ashlund acquired lots 6 and 7 and the west 100 feet of lot 3 in 1911 and in 1919 acquired title to the east 25 feet of lot 3; that in 1922 Ashlund and wife conveyed lots 3, 6, and 7 to Edythe Rummel; that in 1924, 1925, and 1928, Edythe Rummel conveyed the west 110 feet of lots 3, 6, and 7 to the city of Wakefield; that in 1934 Thomas Ashlund and wife conveyed the east 40 feet of lots 3, 6, and 7 to the city of Wakefield; that in 1937 the city of Wakefield conveyed lots 3 and 6 to Esther R. Cloon; that at the

time of said purchase she had no knowledge that plaintiff or her husband had any claim on the disputed area.

The cause came on for trial, a jury was impaneled and at the conclusion of all proofs, defendants made a motion for a directed verdict for the reason that plaintiff failed to sustain the burden of proof showing title by adverse possession to the disputed area; that plaintiff is estopped to assert title to the disputed area; that the Ashlunds, Rummels and the city of Wakefield obtained title by adverse possession to the area in question; and that Esther R. Cloon was an innocent purchaser for value without notice of any claim of title by plaintiff and her husband.

The trial court denied the motion for a directed verdict. The jury returned a written verdict in the following terms: "The verdict in favor of plaintiff entitled to the 4 ft. 8″ land that is involved in this litigation."

Defendants thereupon filed a motion for a new trial which was denied. Defendants appeal from the order denying a new trial and from the order denying a stay of proceedings.

The principal question in this case is whether plaintiff acquired title by adverse possession to the disputed area. One claiming title by adverse possession has the burden of establishing it. See *Gardner* v. *Gardner,* 257 Mich. 172.

In *Warner* v. *Noble,* 286 Mich. 654, we said:

"The rule is settled by repeated adjudications that the equity court has no inherent jurisdiction to determine boundary lines."

The possession necessary to establish title by adverse possession must be actual, visible, open, notorious, exclusive, continuous, uninterrupted for the

statutory period,* hostile, and under cover of claim of right. In *Foster* v. *Wagenaar,* 251 Mich. 370, we held that title by adverse possession was acquired where possession and occupation of city lot continued for more than the statutory period although the boundary thus established is not the true line according to the plat.

But it is urged that defendant Esther Cloon was a bona fide purchaser for value without either actual or constructive notice. In the case at bar there was evidence from which a jury could find that plaintiff had actual possession of the disputed area since 1911. Defendant having purchased the property in 1937, urges that a bona fide purchaser without notice should be protected against a claimant for adverse title.

In *Simon* v. *School Board District No. 2 of Richland & Mills Twps.,* 299 Mich. 478, we said:

"Adverse possession for 15 years is a statutory bar, and actual knowledge of such adverse holding is not required when the circumstances are such that the contiguous holder ought to have such knowledge."

The record fully sustains a finding that plaintiff and her husband acquired title to the premises in dispute by adverse possession. The conveyance of Ashlund and wife to the city of Wakefield in 1934 of the east 40 feet of lots 3, 6, and 7 was an erroneous conveyance as plaintiff and her husband had already acquired title to the disputed area by adverse possession and the conveyance by the city of Wakefield to defendant could not revive title in property that had already been lost. Moreover, an examination of the property in dispute would have shown defendant that the easterly portion of lots 3 and 6 was

---

*See 3 Comp. Laws 1929, § 13964 (Stat. Ann. § 27.593).—RE-PORTER.

lower than the disputed strip and plaintiff's land. See *American Cedar & Lumber Co.* v. *Gustin,* 236 Mich. 351. We do not think plaintiff is estopped to assert her claim of ownership. It was not necessary to make a public proclamation of her claim of title to the property in dispute.

It is urged that the weight and preponderance of the testimony shows that plaintiff did not acquire title by adverse possession. We have examined the record and in our opinion there is substantial evidence to support the verdict of the jury.

Defendants also urge that they are entitled to a new trial for the reason that the trial court failed to give certain requested charges relating to certain corners and pins to indicate the locations of the premises involved. The trial court gave the jury the following instructions:

"Now, fences or markers of long-standing, erected by what the parties believe and have used as the true line, are sometimes better evidence of the true line than surveys made after government monuments have disappeared. Title can be acquired by adverse possession even though the boundary thus established by such adverse possession is not the true boundary line according to the plat. And title to property may be gained by adverse possession even though there is a mistake in setting out the boundaries."

The instruction given was correct under the testimony developed in this case. See *Foster* v. *Wagenaar,* 251 Mich. 370. We have examined the other instructions requested by defendants and do not find any error in the failure of the court to give them.

It is also urged that the judgment is contrary to and does not conform to the verdict of the jury as it is impossible to ascertain what portion of lots 3 and 6 the jury intended that plaintiff had acquired

by adverse possession. The city engineer described the disputed area * as: "a triangular strip of land starting at the northeast corner of lot 6; thence due south for a distance of 150 feet; thence in a north-westerly direction to a point 4.67 feet (4' 8") due west of the northeast corner of lot 6; and thence 4.67 feet (4' 8") due east to the point of beginning." The effect of the jury's verdict was that plaintiff was entitled to the land enclosed in the disputed area.

Other objections have been raised by defendants to the judgment entered. We have examined them and conclude that they do not possess any merit. The main issue involved in this case was whether plaintiff acquired title to the disputed area by ad-verse possession. This issue involved a question of fact which was properly submitted to the jury. We find substantial evidence to support their findings.

Appended hereto is a diagram of the premises and disputed area.

The judgment is affirmed, with costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, NORTH, and STARR, JJ., concurred.

---

* In the judgment the description of the disputed area is the same as given by the city engineer.—REPORTER.

Sketch of Block 27 Original Plat
City of Wakefield

Dotted line indicates the position of
fences as claimed by Mrs. Anton Yatczak