EBEN J. CHAPIN AND ROBERT H. FOSS v. THEOPHILUS C. HUNT AND CHRISTOPHER F. MYNNING.

*Continuity of adverse possession.*

Adverse possession is not broken by negotiating with other claimants if there is no waiver or non-claim on the occupant's part.

Attempts to buy off outstanding claims do not necessarily admit their validity.

Error to Mecosta. Submitted April 10. Decided April 22.

EJECTMENT. Plaintiffs bring error.

*J. H. Palmer* for plaintiffs in error. Efforts to purchase outstanding claims defeat a claim of adverse possession. *Colvin v. Burnet*, 17 Wend., 569; *Jackson v. Britton*, 4 Wend., 507; *Jackson v. Croy*, 12 Johns., 426; *Jackson v. Cuerden*, 2 Johns. Cas., 353.

*Frank Dumon* for Hunt, defendant in error. One is not estopped from asserting adverse possession by buying

in an outstanding claim or pretended title. *Johnstone v. Scott*, 11 Mich., 246; *Northrop v. Wright*, 7 Hill, 476; *Jackson v. Newton*, 18 Johns., 355; *Jackson v. Smith*, 13 Johns., 413.

CAMPBELL, C. J. This case, which is ejectment brought by Chapin and Foss against defendants in error, involves the effect of a ten years' possession under a tax-title.

The defendants' grantors went into possession of the premises in question under a tax deed in April or May, 1865, more than ten years before this suit was brought. The possession was such as is usual in case of farming lands, consisting of gradual planting and clearing kept up continuously. The original possessors did not build upon the land for a year or two. But their possession was such as to be open and notorious and adverse to all the world, and is so found.

The only doubt thrown upon it by the finding is caused by the fact that within the ten years before suit, both in 1865 and 1868, some negotiation was had with plaintiffs for a transfer of their rights, which were under government title anterior to the taxation.

It is not found, however, that there was any recognition of right in them, or admission of doubt as to the rights of the occupants. On the other hand the finding is express that the occupants always held and claimed adversely. We think, therefore, that there is nothing to affect them by way of waiver or non-claim, or to break in on their adverse holding. They never recognized plaintiffs as having any rights whatever, and an attempt to buy off an outstanding claim cannot be turned into an admission that it is valid for any purpose.

The case is a very clear one on the finding, and the judgment should be affirmed with costs.

The other Justices concurred.