GARDNER *v.* GARDNER.

1. ADVERSE POSSESSION—BURDEN OF PROOF.
    One claiming title by adverse possession has burden of establishing it.

2. SAME—PRESUMPTION AGAINST DEFENDANT COMPELS HIM TO GO FORWARD WITH PROOFS—PRESUMPTION NOT WEIGHED AGAINST PROOFS.
    Where, in ejectment, there was presumption that defendant's holding of land was permissive rather than adverse, he was compelled to go forward with his proofs, but, on submission of credible evidence of adverse holding, presumption could not be weighed against such proofs.

3. SAME—DIRECTED VERDICT.
    Where testimony opposed to presumption of permissive holding was clear, positive, and uncontradicted, it was duty of trial judge to decide in accordance therewith and enter judgment for defendant notwithstanding verdict of jury for plaintiff.

4. SAME—NOTICE—HOSTILE HOLDING.
    Actual notice of hostile holding means no more than that owner has actual knowledge of hostile claim.

5. SAME—PERMISSIVE POSSESSION CHANGED TO ONE OF HOSTILITY BY HOSTILE ACTS.
    Where defendant in possession of land employed it for his own purposes, paid taxes, and erected two expensive buildings thereon, living in one and renting the other, such possession was so open, visible, and notorious, that it raised presumption that record owner, who lived on adjoining lot, knew that his rights were invaded intentionally and with purpose to assert claim of title; and even if possession was permissive at first, it was changed by said acts to one of hostility.

6. SAME—OWNER BOUND TO NOTICE HOSTILE ACTS OF OTHERS.
    Law contemplates that owners of real estate are sufficiently interested therein to keep informed of possession and use thereof by others in nature of claim of right which might ripen into title by prescription if undisturbed.

7. LIMITATION OF ACTIONS—EJECTMENT—STATUTE ONE OF REPOSE.
    Statute limiting time for bringing ejectment is one of repose
    (3 Comp. Laws 1929, § 13964).

8. SAME—ADVERSE POSSESSION.
    If one sleeps on his rights for 15 years as against intruder of his
    real estate, whether such at time of entry, or after permissive
    entry by known repudiation of leave and assertion of right,
    title is lost to sleeper and vested in usurper.

9. ADVERSE POSSESSION—EJECTMENT—EVIDENCE—FORGED DEED.
    In ejectment proceedings, evidence in support of claim that
    defendant forged deed to himself was properly excluded, where,
    at that time, he had title by adverse possession.

10. SAME—ACTS TO PERFECT RECORD TITLE INCONSEQUENTIAL.
    If essential elements of adverse possession are clearly estab-
    lished and title fixed thereby vested, acts in effort to make
    title appear better of record are inconsequential.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted January 26, 1932. (Docket No. 135, Calendar No. 36,228.) Decided March 2, 1932.

Ejectment by Earle A. Gardner against Leonard B. Gardner and another. Judgment *non obstante veredicto* for defendants. Plaintiff appeals. Affirmed.

*Lightner, Hanley, Crawford & Dodd,* and *Pierce & Planck,* for plaintiff.

*Cummins & Cummins (E. C. Smith,* of counsel), for defendants.

WIEST, J.. This is an action in ejectment, brought by Earle A. Gardner, son and sole heir at law of Henry M. Gardner, deceased, and involves title to the west 46½ feet of lot 5, block 170, city of Lansing. In this opinion we speak of Leonard B. Gardner as defendant. Trial by jury resulted in a verdict for plaintiff. Notwithstanding the verdict, judgment

was entered for defendant. At the close of all the proofs plaintiff moved for a directed verdict in his favor. This was denied. Defendant also moved for a directed verdict in his favor, and, while expressing doubt, the court refused to direct a verdict, but reserved the right to enter judgment notwithstanding the verdict.

The issue turned upon adverse possession by defendant. The defendant, Leonard B. Gardner, and Henry M. Gardner, now deceased, were brothers. Henry died July 26, 1916, and Mary Gardner, his wife, died in the spring of 1920. In July, 1893, Henry M. Gardner became the owner, of record, of the premises in suit. Defendant has occupied the premises since 1893, and from that time the property has been assessed to him and he has paid the taxes thereon. Defendant remodeled an old house on the premises, and later it was removed by him, and in 1912 he built a house on the south part of the property, and, in 1917, an expensive brick residence, which he has at all times occupied. Henry M. Gardner never occupied the premises or exercised any act of ownership thereover, and, at the time of the deed to him, he was living on the adjoining property of the defendant, and so continued until he was elected judge of probate and moved to Mason in the fall of 1903, where he lived until his death in July, 1916. Relations between Henry M. and Leonard B. Gardner were always friendly.

At the trial it was conceded that Henry M. Gardner held the paper title, and the burden was on defendant to establish title by adverse possession. Plaintiff relied upon the presumption that Leonard B. Gardner's entry was permissive and continued as such unless repudiated by notice of holding in hostility thereto, and contends that this presumption may be weighed against credible evidence to the con-

trary. We have repeatedly held that such a presumption compels defendant to go forward with his proofs, but, upon submission of credible evidence, the presumption may not be weighed against such proofs. *Matteson* v. *Morris,* 40 Mich. 52; *Gillett* v. *Michigan United Traction Co.,* 205 Mich. 410; *Union Trust Co.* v. *American Commercial Car Co.,* 219 Mich. 557; *Depue* v. *Schwarz,* 222 Mich. 308; *Corbett* v. *Williams,* 248 Mich. 541; *Wehling* v. *Linder,* 248 Mich. 241; *Noonan* v. *Volek,* 246 Mich. 377.

Defendant's possession and acts of ownership were not questioned by any evidence. The testimony opposed to the mentioned presumption was clear, positive, and uncontradicted, and it was the duty of the trial judge to decide in accord with such evidence.

Plaintiff contends that actual notice of hostile holding by defendant was necessary. Actual notice means no more than that the owner had actual knowledge of the hostile claim. Possession so open, visible, and notorious as established in this case raised the presumption that the owner knew his rights were invaded intentionally and with purpose to assert claim of title. See *Doctor* v. *Turner,* 251 Mich. 175.

The record is barren of exercise of rights, with reference to the property, by Henry M. Gardner at any time, and the record is replete with evidence that Leonard B. Gardner at all times notoriously employed the property for his own purposes, paid the taxes, erected expensive buildings thereon, occupied one as a residence and rented the other. It is incredible that Henry M. Gardner was not aware of the open and visible evidence of asserted ownership exercised by defendant. If possession was permissive in the first instance, it soon changed to repudiation of leave to that of asserted right and hostility, and so continued by use and occupation and im-

provements wholly incompatible with recognition of ownership in Henry. The law contemplates that owners of real estate are sufficiently interested therein to keep informed of possession and use thereof by others in the nature of a claim of right which might ripen into title by prescription if undisturbed. The statute limiting time for bringing ejectment, 3 Comp. Laws 1929, § 13964, is one of repose. If one sleeps on his rights for 15 years as against an intruder of his real estate, whether such at time of entry, or after permissive entry by known repudiation of leave and assertion of right, the title is lost to the sleeper and vested in the usurper.

It was said in *Holtzman* v. *Douglas,* 168 U. S. 278 (18 Sup. Ct. 65):

"Payment of the taxes, as described in the above statement of facts (1868–1893), is very important and strong evidence of a claim of title; and the failure of the plaintiffs' predecessors to make any claim to the lot or to pay the taxes themselves, is some evidence of an abandonment of any right in or claim to the property. In *Ewing* v. *Burnet,* 11 Pet. (36 U. S.) 41, it was held by this court that the payment of taxes on land for twenty-four successive years by the party in possession was powerful evidence of the claim of right to the whole lot upon which the taxes were paid. The same principle is held in *Fletcher* v. *Fuller,* 120 U. S. 534, 552 (7 Sup. Ct. 667). It is some evidence that the possession was under a claim of right and was adverse."

Plaintiff claimed that defendant, in 1930, wanted a loan on the property and forged a deed, purporting to have been executed by Henry M. Gardner and wife to himself. Proof in support of such claim was excluded, and plaintiff contends that it had a bearing upon the question of adverse possession. At that time defendant had title by adverse possession, and the testimony was properly excluded.

In *Ripley* v. *Miller,* 165 Mich. 47, 51 (Ann. Cas. 1912c, 952), it was stated:

"The doctrine is well established that one in possession of land, claiming to own it, may buy in outstanding claims of title without abandoning or impairing his own, or acknowledging the validity of the title bought."

See, also, *Chapin* v. *Hunt,* 40 Mich. 595.

If the essential elements of adverse possession are clearly established and title fixed thereby vested, acts in an effort to make the title appear better of record are inconsequential. The rule was well stated by Mr. Justice SHARPE in *Munroe* v. *Railway Co.,* 226 Mich. 158, 164:

"We do not think that an attempt by one who has acquired title by adverse possession to secure a deed of the land for the purpose of avoiding litigation in the future as to the validity of the title thus acquired, or to make his title one of record, should, in the absence of other proof, be treated as a recognition of the superior title of the owner or an admission that the possession enjoyed by him was permissive only."

It was admitted at the trial that defendant had no deed. The evidence is clear, credible, and undisputed that defendant was openly in possession of this property for upward of 35 years, under claim of title, and that his acts of ownership thereover were such that Henry M. Gardner knew of such claim of title and acquiesced therein.

Under the evidence, the circuit judge was clearly right, notwithstanding the verdict of the jury, in entering judgment for defendant.

The judgment is affirmed, with costs to defendant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.