# STATE OF MICHIGAN

# COURT OF APPEALS

MARY ANN LAMKIN,

            Plaintiff-Appellant,

v

CATHERINE BARRETT,

            Defendant-Appellee.

UNPUBLISHED
November 15, 2016

No. 329630
Livingston Circuit Court
LC No. 15-28694-NZ

Before: BOONSTRA, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order, following a show cause hearing, granting summary disposition in favor of defendant pursuant to MCR 2.116(I)(2), and dismissing plaintiff's case. Plaintiff also appeals the trial court's earlier denial of plaintiff's request for a temporary restraining order, and its order denying plaintiff's motion for reconsideration of the summary disposition order. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises out of a dispute between neighbors over the ownership of an approximately one-foot wide strip of land that runs between a fence located on defendant's property and the property line between plaintiff's and defendant's parcels. Plaintiff filed her complaint on August 25, 2015, asserting that she owned the disputed property, and the fence, by virtue of adverse possession, and that she so acquired that ownership interest in 2006.[1] Plaintiff

---

[1] Plaintiff's complaint alleges a single count, labeled "Injunctive Relief." Injunctive relief, is not, however, a legal theory or cause of action; it is merely a type of relief that may be awarded when a party prevails on a cause of action. *Terlecki v Stewart*, 278 Mich App 644, 663; 754 NW2d 899 (2008). Nonetheless, giving plaintiff the benefit of the doubt, and looking to the gravamen of the claim that is asserted, *Adams v Adams*, 276 Mich App 704, 710; 742 NW2d 399 (2007), we conclude that the trial court properly construed plaintiff's complaint as asserting a claim of adverse possession. We will discuss the doctrines of "adverse possession" and "acquiescence" in greater detail later in this opinion; for now, however, we note that plaintiff's complaint repeatedly refers to plaintiff's assertion of a "claim of adverse possession," and that, by our

-1-

sought monetary damages in part for the destruction of property as well as an ex parte temporary restraining order (TRO) in part enjoining defendant from removing the fence or trespassing on the strip of disputed land. The trial court declined to grant plaintiff a TRO, but ordered that a show cause hearing be held on September 3, 2015, regarding plaintiff's request for injunctive relief.

At the show cause hearing, plaintiff, acting in pro per, stated that she had filed her suit the same day that defendant had begun tearing down the fence in order to build a new fence on the property line. By the time of the hearing, the old fence had been torn down. Plaintiff stated that Harvey and Jean Vincent, who at one time had owned defendant's property, erected the fence in 1991 and had "put on the land use permit requesting that they set a new boundary one foot off their property line." According to plaintiff, the offsetting of the fence by one foot from the property line was to ensure that she did not "touch their fence in any way, shape or form." Plaintiff then stated that all of defendant's relevant predecessors in title, i.e., the Vincents, Betty Krupa-Miller, and BJD Development Corporation (BJD) (in chronological order), were aware that the fence did not mark the actual deeded boundary line between the properties. Plaintiff stated that she did not touch the fence until she filed with the Register of Deeds, in 2002, an affidavit that she called a "notice of adverse possession." Plaintiff also stated that "if there's recognition of a new boundary that is acquiesce [sic] to a boundary." Plaintiff stated that she told Krupa-Miller, who succeeded the Vincents as the owner of defendant's property, that the fence was off the property line, and alleged that Krupa-Miller stated that she was going to "leav[e] it." Plaintiff also stated that she had repaired the fence and used the strip of land, and that defendant and her predecessors in title had never done so.

The trial court found that plaintiff had not established the elements of adverse possession sufficiently to warrant the grant of an injunction. The trial court also orally granted summary disposition in favor of defendant, pursuant to MCR 2.116(I)(2). The trial court held that "the hostile element of an adverse possession has not been met here." Plaintiff responded that her claim was "not strictly adverse possession" but was "an acquiescence to a boundary case." The trial court stated with regard to acquiescence that "the parties put the fence—they recognized where the boundary line was and they put that fence in a foot . . . ."

The trial court issued an order denying plaintiff's request for an injunction and granting summary disposition in favor of defendant.[2] Plaintiff moved the trial court for reconsideration,

_____

count, plaintiff's complaint refers to "adverse possession" no fewer than 14 times; on three additional occasions, the complaint appears to conflate the doctrines of adverse possession and acquiescence by using the phrase "adverse possession by [ or "through" or "by and through"] acquiescence of a boundary line."

[2] In the midst of the show cause hearing, plaintiff indicated that she had prepared (but not filed) a motion to disqualify Judge Hatty, the trial judge. The record reflects that plaintiff brought a copy of a written motion to the hearing, but it does not appear this motion was ever filed. Plaintiff does not explicitly seek relief on appeal from the denial of any motion to disqualify, or request that on remand her case be assigned to a different judge, although she spends a great portion of her brief on appeal detailing Judge Hatty's alleged misconduct. We note that the record before

arguing that the trial court had erred by granting summary disposition without defendant having filed a motion for summary disposition, and had further erred by basing its holding on its finding that plaintiff had not established the hostility of her possession, which is not an element of an acquiescence claim.

The trial court denied plaintiff's motion for reconsideration in a written opinion and order, stating that "[p]laintiff has failed to establish that she is entitled to an injunction to prohibit Defendant from removing her fence, as Plaintiff has failed to establish that she has satisfied the requisite elements of adverse possession for the statutory period, or that the doctrine of acquiescence applies in this case."

This appeal followed.

## II. GRANT OF SUMMARY DISPOSITION

Plaintiff first argues that the trial court erred by granting summary disposition in favor of defendant, because the trial court failed to recognize that her claim was for acquiescence and thus did not require proof of hostility. We disagree. We review a trial court's decision on a motion for summary disposition de novo. *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). If it appears that the opposing party is entitled to judgment, the court may render judgment in favor of the opposing party. MCR 2.116(I)(2); *Bd of Trustees of Policemen & Firemen Retirement Sys v Detroit*, 270 Mich App 74, 77-78; 714 NW2d 658 (2006). Moreover, "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." MCR 2.116(I)(1).

Although the trial court referenced MCR 2.116(I)(2), it did not otherwise specify the grounds under which it granted summary disposition.[3] However, given the fact that summary disposition was granted before discovery, and the fact that the trial court did not consider any affidavits or documentary evidence beyond that appended to the pleadings, we conclude that the trial court determined that plaintiff had failed to state a claim on which relief could be granted. MCR 2.116(C)(8). A grant of summary disposition is appropriate under MCR 2.116(C)(8) "when a claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Gorman v Am Honda Motor Co, Inc*, 302 Mich App 113, 131-132; 839 NW2d 223 (2013) (internal citations omitted). The trial court reviewing the motion must accept as true all factual allegations supporting the claim, and any reasonable inferences or conclusions that might be drawn from those facts. *Id*. However, "the mere statement of a

---

this Court is devoid of any evidence that Judge Hatty treated plaintiff poorly or displayed any favoritism or bias against plaintiff or toward defendant or her counsel.

[3] It appears that the trial court's grant of summary disposition was actually pursuant to MCR 2.116(I)(1), which allows the trial court to grant judgment to a party "if the pleadings show that a party is entitled to judgment as a matter of law," rather than (I)(2) (which authorizes a trial court to "render judgment in favor of the opposing party" "rather than the "moving party""). In any event, MCR 2.116(C) sets forth the grounds for determining whether a party is entitled to summary disposition.

pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *ETT Ambulance Serv Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498 (1994).

As stated, we conclude that the trial court properly construed plaintiff's complaint as asserting a claim of adverse possession. And the trial court indeed held that plaintiff had not established the "hostile" element of an adverse possession claim. See *Gorte v Dep't of Transp*, 202 Mich App 161, 170; 507 NW2d 797 (1993). Plaintiff does not challenge the accuracy of this holding, and in fact on appeal repeatedly denies that her possession of the disputed land was hostile.[4] Accordingly, plaintiff essentially concedes that summary disposition was appropriate in favor of defendant on plaintiff's adverse possession claim. We agree.

Rather, plaintiff argues that her claim was actually one not of adverse possession, but of acquiescence, and that hostility is not an element of an acquiescence claim. We agree that hostility is not an element of a claim for acquiescence, but disagree that the trial court believed erroneously that hostility was required, or erred by finding that plaintiff had not stated a claim for acquiescence. To the contrary, the trial court expressly held that, in addition to failing to establish the requisite elements of adverse possession, plaintiff had "failed to establish . . . that the doctrine of acquiescence applies in this case." We agree.

Acquiescence may be based on three theories; at issue here is acquiescence for the statutory period, which requires a showing that the parties acquiesced to a line (other than the recorded property line) as the boundary between their properties for the requisite period of time. *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000) (citation omitted); *Sackett v Atyeo*, 217 Mich App 676, 682; 552 NW2d 536 (1996). Possession need not be hostile or non-permissive. *Walters*, 239 Mich App at 456. This type of acquiescence typically arises when adjoining property owners mistakenly treat a line, such as a line marked by a fence, as the property line. *Id*. (citations omitted); *Sackett*, 217 Mich App at 682. This requires some evidence that the parties either believed that the line was the property line or treated it as such. *Id*. The 15-year statutory period may be satisfied by tacking the acquiescence of predecessors in title onto the current holder of title to the property. *Siegel v Renkiewicz' Estate*, 373 Mich 421, 426; 129 NW2d 876 (1964).

We note that the word "acquiescence" appears rarely in plaintiff's complaint, which makes numerous allegations consistent with a claim for adverse possession, including claims alleging continuity and openness of use. See *Gorte*, 202 Mich App at 170. Plaintiff's objection to the trial court's discussion of the elements of adverse possession therefore seems misplaced. In any event, were we to further construe (as we believe the trial court did) plaintiff's complaint as additionally alleging a claim of acquiescence, the complaint does not allege that defendant or her predecessors in title treated the fence as the property line. To the contrary, plaintiff's complaint alleges that the Vincents constructed a fence in 1991 with full knowledge of where the

---

[4] Plaintiff has repeatedly assured this Court on appeal that her possession of the land was not hostile and that she was not seeking to possess the land through adverse possession.

actual property line was; in fact, the complaint alleges that the land use permit contained a notation indicating the Vincents' full awareness that the fence was being erected off the property line. The complaint also alleges that, at some point between 1994 and 1996, Krupa-Miller, the Vincent's successor in title, "discovered" that the fence did not run along the property line. The complaint then makes no allegations concerning whether BJD Development Corporation, Krupa-Miller's successor in title, treated the fence as the property line; however, plaintiff indicated at the show cause hearing that *all* of defendant's predecessors in title were aware of the actual property line. Plaintiff's complaint further clearly asserts that defendant did not treat the fence as the property line; in fact, plaintiff's complaint alleges that defendant sought to ensure that plaintiff did not acquire the disputed property by adverse possession by asking plaintiff to remove her affidavit filed with the Register of Deeds.

In sum, plaintiff's complaint does not allege that the parties or any of defendant's predecessors treated the fence as a property line. Indeed, it expressly asserts to the contrary for every relevant owner of defendant's property except BJD Development Corporation, which according to the complaint owned the property from an unspecified date in 1996 to an unspecified date in 2011. And as to BJD, the complaint alleges that BJD "began development of an open space condominium in 2002" and that plaintiff filed an affidavit seeking to establish her interest in the property that same year, thus supporting the inference that in 2002 BJD's actions led plaintiff to conclude that BJD also did not (or would not) equate the fence with the property line. More importantly, plaintiff's complaint is devoid of even a bare allegation that any party acquiesced to, or treated, the fence as the property line. The trial court did not err by holding that plaintiff did not state a claim for which relief could be granted, even under an acquiescence theory. MCR 2.116(C)(8). Further, because a grant of summary disposition under MCR 2.116(C)(8) is based on the legal sufficiency of the pleadings, the trial court did not err by failing to sua sponte order an evidentiary hearing on the matter.

A grant of summary disposition based on grounds found in MCR 2.116(C)(8) requires a trial court to give the parties an opportunity to amend their pleadings "unless the evidence then before the court shows that amendment would not be justified." MCR 2.116(I)(5). A trial court need not grant amendment if such amendment would be futile. *Lane v KinderCare Learning Centers, Inc*, 231 Mich App 689, 719; 588 NW2d 715 (1998). Here, plaintiff herself stated at the show cause hearing that all of defendant's predecessors in title were aware that the fence did not run along the property line. Thus, although the trial court did not address allowing plaintiff to amend her complaint, we conclude that any amendment to allege a claim of acquiescence would have been futile.

III. DENIAL OF INJUNCTION

Finally, plaintiff argues that the trial court erred by failing to grant her request for a TRO or preliminary injunction. We disagree. We review the trial court decision to grant or deny an injunction for an abuse of discretion. See *Freeman v Mitchell*, 198 Mich 207, 210; 164 NW 445 (1917).

An injunction may be issued by a trial court when justice requires, when the plaintiff does not have an adequate remedy at law, and when the plaintiff is in real and imminent danger of irreparable harm. *Charter Twp of Bloomfield v Oakland Co Clerk*, 253 Mich App 1, 15; 654

NW2d 610 (2002). Again, an injunction is an equitable remedy, not an independent cause of action. *Terlecki v Stewart*, 278 Mich App 644, 663; 754 NW2d 899 (2008). Thus, a plaintiff must allege some wrongful conduct on the part of a defendant for which the requested injunction is an appropriate remedy. *Id*. (Quotation marks and citation omitted). Because plaintiff's request for an injunction stemmed from defendant's alleged intrusion onto her property, and because plaintiff's complaint did not allege a legally cognizable claim for either acquiescence or adverse possession, equitable relief in the form of an injunction was not available and the trial court properly denied plaintiff's request. *Id*.

Affirmed. As the prevailing party, defendant may tax costs. MCR 7.219(A).


/s/ Mark T. Boonstra
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola