# STATE OF MICHIGAN

# COURT OF APPEALS

---

OAKLAND TOWNSHIP PARKS &
RECREATION COMMISSION and CHARTER
TOWNSHIP OF OAKLAND,

UNPUBLISHED
July 13, 2017

Plaintiffs-Appellees,

v

No. 332020
Oakland
LC No. 2015-145138-CH

MICHAEL AND ALICE MARLOWE,

Defendants-Appellants.

---

Before: O'BRIEN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Michael and Alice Marlowe ("the Marlowes") appeal as of right the circuit court's order granting summary disposition in favor of the Oakland Township Parks & Recreation Commission and the Charter Township of Oakland ("the Township") pursuant to MCR 2.116(C)(10). We affirm.

The Township and the Marlowes own adjoining parcels of real property in Oakland Township, Michigan. At issue in this case is a portion of real property that is owned by the Township and "more commonly known as Cranberry Lake Park." According to the Township's complaint in this matter, the Marlowes "have placed certain equipment and materials, including landscape boulders, a propane tank, a trailer, a wheelbarrow and other items" as well as "repeatedly mowed fields and pathways, cleared trees, cleared brush, burned brush and engaged in other landscaping activities" on a portion of the property that is owned by the Township without the Township's "consent." The Township allegedly "sent multiple notices to [the Marlowes] over the course of many years repeatedly requesting that [they] discontinue the Landscaping and remove their Equipment and Materials from the Cranberry Lake Park Property," but it appears that those requests went unanswered. Consequently, the Township filed the instant lawsuit.

Specifically, the Township filed a four-count complaint against the Marlowes, alleging, in relevant part, claims of trespass and quiet title or ejectment. Ultimately, the Township sought a judgment "[g]ranting declaratory and injunctive relief," "[a]warding [the Township] any actual damages," and "[a]warding [the Township] any other legal or equitable relief to which they may be entitled, including costs, interest, and attorney fees." The Marlowes filed an answer, largely

-1-

denying the complaint's allegations with respect to each claim but offering no further detail, and their affirmative defenses, asserting, in relevant part, that they had title or possession of the property at issue at all times relevant to the allegations in the complaint. Ultimately, the Marlowes requested that the trial court dismiss the Township's lawsuit with prejudice.

The Township eventually moved for summary disposition pursuant to MCR 2.116(C)(10) with respect to its trespass claim, arguing, in relevant part, that Mr. Marlowe "ha[d] admittedly been entering into Cranberry Lake Park to do landscaping work in the Park and to have access to assorted equipment and materials that he has placed within the Park" without the Township's "authoriz[ation]" to do so. The Township also moved for summary disposition pursuant to MCR 2.116(C)(10) with respect to its ejectment claim, arguing, in relevant part, that the Marlowes were unable "to claim title to a portion of Park property by way of acquiescence or adverse possession" or by "any form of prescriptive easement over any Park property" pursuant to MCL 600.5821(2). The Marlowes responded, arguing that summary disposition pursuant to MCR 2.116(C)(10) was inappropriate because "[t]here are multiple material questions of fact" as well as that the Marlowes are "equitable title holder[s] of the disputed portion" because they "ha[ve] historically and continuously maintained the disputed portion." In its reply brief, the Township argued, simply, that the Marlowes "ha[ve] failed to present any substantive admissible evidence that creates any question of fact as to [their] claim of adverse possession," "ha[ve] failed to present any substantive admissible evidence that creates a question of fact as to any of the elements on [their] claim of a prescriptive easement," and "ha[ve] failed to present any substantive admissible evidence of the claim [of acquiescence] . . . ."

To support their position, the Marlowes appear to have relied on three exhibits: (1) an affidavit by Sandra Hansen, (2) Mr. Marlowe's own affidavit, and (3) what appear to be images of the area of real property at issue. Frankly, none of these exhibits are helpful in any way to this litigation. According to Ms. Hansen, she has "lived in the area [near the Marlowes' and the Township's real property] for over twenty-five (25) years" and has "witnessed the Property [meaning the Marlowes' property, *not* the property at issue] to be used, cultivated, or maintained in the same or similar manner since for over thirty-five (35) years." Mr. Marlowe's affidavit includes his personal feelings about the lawsuit, e.g., "I Mike Marlowe, feel that the dispute between the Oakland Township Parks & Recreation and I is a violation of my rights . . .[,]" and a list of allegedly selfless acts he took on behalf of "all beings" to "provide a safer and cleaner environment." With respect to the images, it is difficult to determine what, if any, purpose they serve with respect to this lawsuit.

The trial court held a brief hearing on the Township's motion for summary disposition pursuant to MCR 2.116(C)(10), and the following exchange between the trial court and the Marlowes' counsel accurately reflects the trial court's reasoning behind its decision to grant the Township's motion:

> *The Court ("C")*: Okay. So, here -- and I didn't see anybody doing that math on this. But the statute was amended in 1988, correct?
>
> *The Marlowes' Counsel ("M")*: It was, it was.

*C*: So, in order for you to establish adverse possession you would have had to have shown 15 years of hostile possession prior to 1988.

*M*: That's right.

*C*: That takes it back to 1973.

*M*: I don't have that evidence, Your Honor.

*C*: Yeah.

*M*: That's ancient evidence.

*C*: Yeah, but that's the problem. That's what you would have to have in order to prevail.

*M*: I'm not going to suggest -- sit here and suggest that I'm going to be able to generate something, you know, in the next two months that have --

*C*: Fine. You make my decision easy. [The Township's] motion is granted for the reasons stated in [its] brief. You don't have any evidence.

*M*: Well, no, but I do have evidence of some other -- of some of our other affirmative defenses.

\* \* \*

*C*: No. And really, this all really boils down to the fact that you simply don't have the proofs that you would need to prevail. As I said, the math shows that you would have to establish adverse possession dating back to 1973 in order for it to have, you know, culminated before that 1980, the amendment to the act, which eliminates any cause of action that you would have or any ability for you to obtain any sort of prescriptive, or acquiesced, or adversely assumed position in the property.

And so for those reasons, I am going to grant summary disposition as to both counts 1 and count 2.

A written order reflecting the trial court's decision was entered shortly thereafter. This appeal followed.

This Court has summarized the standard of review with respect to a trial court's decision to grant summary disposition pursuant to MCR 2.116(C)(10) as follows:

This Court reviews de novo the trial court's decision to grant or deny a motion for summary disposition. A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim and must be supported by affidavits, depositions, admissions, or other documentary evidence, the substance of which would be

admissible at trial. The court must view the proffered evidence in the light most favorable to the party opposing the motion. A court should grant the motion when the submitted evidence fails to establish any genuine issue of material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. Where undisputed evidence shows one party is entitled to judgment as matter of law, the court may enter judgment for that party. [*In re Lett Estate*, 314 Mich App 587, 594-595; 887 NW2d 807 (2016) (internal citations and quotation marks omitted).]

The Michigan Supreme Court has summarized the standard of review with respect to a trial court's interpretation and application of a statute as follows:

We also review de novo questions of statutory interpretation . . . To the extent this case requires the interpretation of a statute, our goal in interpreting a statute is to give effect to the Legislature's intent, focusing first on the statute's plain language. When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted. . . . [*Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 85; 878 NW2d 816 (2016).

Finally, a trial court's decision with respect to the application of an equitable doctrine is also reviewed de novo. *Fraser v Almeda Univ*, 314 Mich App 79, 100; 886 NW2d 730 (2016).

The parties' dispute in this matter focuses on the interpretation and application of MCL 600.5821, which, in its current form, provides as follows:

(1) An action for the recovery of any land to which this state is a party is not subject to the period of limitations, or laches. However, a person who could have asserted claim to title by adverse possession for more than 15 years is entitled to seek any other equitable relief in an action to determine title to the land.

(2) In an action involving the recovery or the possession of land, including a public highway, street, alley, easement, or other public ground, a municipal corporation, political subdivision of this state, or county road commission is not subject to any of the following:

(a) The periods of limitations under this act.

(b) Laches.

(c) A claim for adverse possession, acquiescence for the statutory period, or a prescriptive easement.

(3) The period of limitations prescribed for personal actions apply equally to personal actions brought in the name of the people of this state, in the name of

-4-

any officer of this state, or otherwise for the benefit of this state, subject to the exceptions contained in the subsection (4).

(4) Actions brought in the name of this state, the people of this state, or any political subdivision of this state, or in the name of any officer or otherwise for the benefit of this state or a political subdivision of this state for the recovery of the cost of maintenance, care, and treatment of persons in hospitals, homes, schools, and other state institutions are not subject to the statute of limitations and may be brought at any time without limitation, notwithstanding any contrary provisions of a statute.

Applying the plain and ordinary meaning of MCL 600.5821(2)(c), it is quite apparent that, under its current form, the Marlowes' reliance on adverse possession, acquiescence, or prescriptive easements is obviously misplaced.

However, the statutory language quoted above was not effective until June 20, 2016, and is not addressed at all by the parties with the exception of the Township's brief on appeal. See 2016 PA 52. Prior to that date, however, the following statutory language of MCL 600.5821 was effective:

(1) Actions for the recovery of any land where the state is a party are not subject to the periods of limitations, or laches. However, a person who could have asserted claim to title by adverse possession for more than 15 years is entitled to seek any other equitable relief in an action to determine title to the land.

(2) Actions brought by any municipal corporations for the recovery of the possession of any public highway, street, alley, or any other public ground are not subject to the periods of limitations.

(3) The periods of limitations prescribed for personal actions apply equally to personal actions brought in the name of the people of this state, or in the name of any officer, or otherwise for the benefit of this state, subject to the exceptions contained in subsection (4).

(4) Actions brought in the name of the state of Michigan, the people of the state of Michigan, or any political subdivision of the state of Michigan, or in the name of any officer or otherwise for the benefit of the state of Michigan or any political subdivision of the state of Michigan for the recovery of the cost of maintenance, care, and treatment of persons in hospitals, homes, schools, and other state institutions are not subject to the statute of limitations and may be brought at any time without limitation, the provisions of any statute notwithstanding.

Applying the plain and ordinary meaning of MCL 600.5821(1)-(2), it is still apparent that, even under this previous form, the Marlowes' reliance on adverse possession, acquiescence, or prescriptive easements would be misplaced given the applicable period of limitations, or lack thereof, to such claims.

-5-

However, the previous form of the statute has only been effective since March 1, 1988, see 1988 PA 35, and it is the Marlowes' position that they, or at least the previous owners of their property, acquired title to the property at issue prior to that date. Prior to the 1988 amendment, MCL 600.5821 provided as follows:

> (1) No action for the recovery of any land shall be commenced by or on behalf of the people of this state unless it is commenced within 15 years after the right or title of the people of this state in the land first accrued or within 15 years after the people of this state or those from or through whom they claim have been seised or possessed of the premises, or have received the rents and profits, or some part of the rents and profits, of the premises.

> (2) Actions brought by any municipal corporations for the recovery of the possession of any public highway, street, alley, or any other public ground are not subject to the periods of limitations.

> (3) The periods of limitations prescribed for personal actions apply equally to personal actions brought in the name of the people of this state, or in the name of any officer, or otherwise for the benefit of this state, subject to the exceptions contained in subsection (4) following.

> (4) Actions brought in the name of the state of Michigan, the people of the state of Michigan, or any political subdivision of the state of Michigan, or in the name of any officer or otherwise for the benefit of the state of Michigan or any political subdivision of the state of Michigan for the recovery of the cost of maintenance, care, and treatment of persons in hospitals, homes, schools, and other state institutions are not subject to the statute of limitations and may be brought at any time without limitation, the provisions of any statute notwithstanding.

Applying the plain and ordinary meaning of MCL 600.5821 as it existed prior to March 1, 1988, the Marlowes' reliance on adverse possession, acquiescence, and prescriptive easements could, in theory, have merit. This is because, as this Court has previously recognized, the amendments to MCL 600.5821, regardless of whether one is considering the 1988 or 2016 amendment, "cannot be applied to [a party] if it would abrogate or impair a vested right." *Gorte v Dep't of Transp*, 202 Mich App 161, 167; 507 NW2d 797 (1993).

Accordingly, the issue before this Court is whether a genuine issue of material fact exists as to whether ownership rights to the property at issue had vested to the Marlowes or their property's previous owner prior to March 1, 1973, 15 years prior to March 1, 1988. *Gorte*, 202 Mich App at 169 ("Thus, we conclude that if plaintiffs met all elements for adverse possession for a period of fifteen years preceding the effective date of the amended statute, plaintiffs' failure to earlier assert the claim in a legal action does not preclude them from now asserting title by virtue of adverse possession."). We conclude that there is not. Stated simply, the Marlowes did not provide any evidence to support their position that the previous owners of their property used the property at issue in a similar manner as they did prior to this litigation. As indicated above, the only evidence provided by the Marlowes before the trial court was Ms. Hansen's affidavit,

-6-

Mr. Marlowe's own affidavit, and two images, and nothing in any of that evidence supports their position. In fact, both before the trial court and before this Court, the Marlowes state as follows with respect to the previous owner's use: "It can be presumed that the statutory period began to run on the previous owner upon using property beyond the boundaries of 600 west Predemore Road, prior to the amendment of MCL 600.5821." That is not true. This Court certainly should not make such a presumption, and Michigan law is clear in that mere speculation is insufficient to survive a motion for summary disposition. *Libralter Plastics, Inc v Chubb of Ins Co*, 199 Mich App 482, 486; 502 NW2d 742 (1993) ("However, parties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact."). Accordingly, because nothing in the record supports the Marlowes' position, the trial court correctly granted the Township's motion for summary disposition pursuant to MCR 2.116(C)(10).

Affirmed.


/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens