*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GERADA BROWN,

      Plaintiff-Appellant,

v

RICK T. LOFTUS and GAIL A. LOFTUS,

      Defendants-Appellees.

UNPUBLISHED
August 17, 2023

No. 362686
Manistee Circuit Court
LC No. 2021-017293-CH

Before: M. J. KELLY, P.J., and SHAPIRO and REDFORD, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent.

The majority concludes that plaintiff presented sufficient evidence to satisfy the open, continuous, exclusive, and notorious elements of adverse possession and that she possessed the disputed property for the requisite period of time. The majority nonetheless affirms the directed verdict in favor of defendants on the basis that plaintiff failed to satisfy the hostility requirement. For the reasons stated below, I conclude that plaintiff presented sufficient evidence of hostility such that the trial court erred by granting a directed verdict.

Plaintiff testified that she has possessed the disputed triangular-shaped area on the south side of her property since 1999. She believed her property contained this area on the basis of the prior owner's representations that the property's southern boundary ran to the edge of the wooded area. Plaintiff has consistently used and maintained the disputed area up to the tree line for over 15 years.

> The term 'hostile' as employed in the law of adverse possession is a term of art and does not imply ill will; rather, hostile use is that which is inconsistent with the right of the owner, without permission asked or given, and which would entitle the owner to a cause of action against the intruder. [*Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021) (quotation marks and citation omitted).]

Michigan caselaw is well-settled regarding when "hostility" exists with respect to a mistaken boundary line:

-1-

When a landowner takes possession of land of an adjacent owner, with the intent to hold to the true [boundary] line, the possession is not hostile and adverse possession cannot be established. The corollary to this rule provides that, when the possession manifests an intent to claim title to a visible, recognizable boundary, regardless of the true boundary line, the possession is hostile and adverse possession may be established. [*Connelly v Buckingham*, 136 Mich App 462, 468; 357 NW2d 70 (1984) (citations omitted).]

There is a subtle distinction between these principles, which we clarified in *DeGroot v Mint Group, LLC*, 335 Mich App 545, 532 n 1; 497 NW2d 530 (1993). In *DeGroot*, we explained that "the difference is between erroneously placing a monument, intending to place it on the true line, but failing to do so, and erroneously believing a preexisting monument (either artificial or natural) represents the boundary, and holding to that monument." More recently, in *Houston*, 335 Mich App 545, we reiterated that " 'where a person possesses the land of another intending to hold to a particular recognizable boundary regardless of the true boundary line, the possession is hostile . . . .' " *Id*. at 566, quoting *Gorte v Dep't of Transp*, 202 Mich App 161, 165; 507 NW2d 797 (1993).

In this case, plaintiff did not place a monument or other marker with an intent to identify the true property line. Rather, she manifested a clear intent to claim title up to the tree line, i.e., a visible and recognizable boundary line, *regardless of the true property line*. Under the caselaw, this was sufficient evidence to establish the hostility element.[1]

Accordingly, I would reverse the trial court's decision granting defendants' motion for directed verdict and remand to the trial court for defendants to offer proofs, after which the trial court would render its decision.

/s/ Douglas B. Shapiro

---

[1] The majority concludes that, because the previous owner of defendants' lot was aware of plaintiff's use of the disputed area, it can be inferred that the previous owner permitted plaintiff's use, thus negating the hostility element. However, there is no indication that defendants' predecessor was aware that they owned the disputed land, and they could not have granted permission to use land they did not know they owned.