### DeGROOT v BARBER

Docket No. 140629. Submitted November 5, 1992, at Grand Rapids. Decided January 19, 1993, at 9:45 A.M.

William and Emma DeGroot brought an action in the Clare Circuit Court against Clifford A. and Nancy C. Barber and S.D. and Donna E. Richard, seeking to quiet title to a disputed one-acre strip of land located east of M-115 and north of Ashard Road. The action was brought after a 1989 survey for the plaintiffs showed that Ashard Road was not the property line. Plaintiffs claimed that a real estate agent represented to them when they purchased the property in 1963 that their south boundary line was marked by Ashard Road. The agent's representation was erroneous and title to the disputed property was in fact held by adjoining landowners, the Richards, who were the Barbers' predecessors in title. The trial court, Kurt N. Hansen, J., found that because the real estate agent's representation was made at the time of conveyance it amounted to a parol transfer of the property. The court also found that the plaintiffs had established a claim to the property by adverse possession and entered a judgment quieting title in favor of the plaintiffs. A default judgment was also entered against the Richards. The Barbers appealed.

The Court of Appeals *held:*

1. The court erred in finding a parol transfer of the property. There is no evidence that the real estate agent had any actual or implied authority to transfer the property.

2. The plaintiffs intended to hold both to the true line and to a visible, recognizable boundary (Ashard Road). A mistake regarding the true boundary line does not defeat a claim of adverse possession. When the possession manifests an intent to claim title to a visible, recognizable boundary, regardless of the true boundary line, the possession is hostile, and adverse possession may be established. The court properly found that the

REFERENCES

Am Jur 2d, Adverse Possession §§ 58 *et seq.;* Boundaries §§ 77 *et seq.*

Adverse possession involving ignorance or mistake as to boundaries —modern views. 80 ALR2d 1171.

elements of a claim of right or color of title for adverse possession were established.

Affirmed.

1. ADVERSE POSSESSION — HOSTILE POSSESSION — INTENT TO HOLD TO TRUE BOUNDARY.

When a landowner erroneously takes possession of land of an adjacent owner while intending to hold to the true property line, the possession is not hostile and adverse possession cannot be established.

2. ADVERSE POSSESSION — HOSTILE POSSESSION — VISIBLE RECOGNIZABLE BOUNDARY.

When a landowner takes possession of land of an adjacent landowner and the possession manifests an intent to claim title to a visible, recognizable boundary, regardless of the true boundary line, the possession is hostile and adverse possession may be established.

*Dreyer & Ulicki* (by *David J. Dreyer*), for the plaintiffs.

*Otis M. Underwood, Jr.,* for the defendants.

Before: HOOD, P.J., and SAWYER and JANSEN, JJ.

SAWYER, J. Clifford A. and Nancy C. Barber (hereafter defendants) appeal from a judgment of the circuit court quieting title to a disputed one-acre strip of land in favor of plaintiffs. We affirm.

This action concerns a boundary dispute between adjoining landowners regarding the ownership of approximately one acre of swampland located in Clare County to the east of highway M-115 and to the north of Ashard Road. The disagreement regarding the correct location of plaintiffs' south boundary line arises out of a real estate agent's representation when plaintiffs purchased the property in 1963 that plaintiffs' south boundary line was marked by Ashard Road. The real estate agent's representation was erroneous and title to the disputed property was in fact held by

defendants' predecessors in title, defendants S.D. and Donna E. Richard. The trial court found, following a bench trial, that plaintiffs had established a claim to the property by adverse possession. A default judgment was also entered against the Richards.

Defendants first argue that the trial court erred in finding that the real estate agent had made a parol transfer of the property in 1963. In its opinion, the trial court found that the real estate agent, in handling the sale to plaintiffs in 1963, had innocently misrepresented that the southern boundary of the property purchased by plaintiffs was Ashard Road and that because that representation was made at the time of conveyance it amounted to a parol transfer of the property. We agree with defendants that the trial court erroneously found there to be a parol transfer of the property.

First, there is no indication that the real estate agent had any actual or implied authority to transfer the property and, second, even assuming such authority existed, in all likelihood such a parol transfer would have violated the statute of frauds. See MCL 566.106; MSA 26.906. However, we need not explore this issue in detail because, even if the trial court did err in finding a parol transfer by the real estate agent, there is sufficient other bases in the trial court's opinion to uphold its decision.

This leads us to another issue raised by defendants, namely, that the trial court erred in finding that adverse possession had been established because there was no showing that plaintiffs had any claim of right or color of title. We disagree. Defendants are correct that adverse possession requires a showing of a claim of right or color of title. *Connelly v Buckingham,* 136 Mich App 462; 357

NW2d 70 (1984). Defendants argue that plaintiffs' claim is defeated because there is no indication that they intended to occupy the property of another, but were merely mistaken with regard to where the boundary line was located. *Connelly, supra* at 468, summarized the two applicable principles as follows:

> When a landowner takes possession of land of an adjacent owner, with the intent to hold to the true line, the possession is not hostile and adverse possession cannot be established. *Warner v Noble,* 286 Mich 654; 282 NW 855 (1938); *Dubois v Karazin,* 315 Mich 598; 24 NW2d 414 (1946); *Ennis v Stanley,* 346 Mich 296; 78 NW2d 114 (1956); *Kettunen v Torreano,* 59 Mich App 652; 230 NW2d 14 (1975), lv den 394 Mich 791 (1975). The corollary to this rule provides that, when the possession manifests an intent to claim title to a visible, recognizable boundary, regardless of the true boundary line, the possession is hostile and adverse possession may be established. *Gregory v Thorrez,* 277 Mich 197; 269 NW 142 (1936); *Yatczak v Cloon,* 313 Mich 584; 22 NW2d 112 (1946); *Dubois [supra]*; *Walker v Bowen,* 333 Mich 13; 52 NW2d 574 (1952).

These two principles would, at first glance, appear incompatible. That is, for example, in the case at bar the testimony indicates that plaintiffs intended to hold both to the true line and to a visible, recognizable boundary (Ashard Road), believing that to be the true line. Thus, if we literally apply the first principle enunciated in *Connelly,* that an intent to hold to the true line cannot ripen into adverse possession, then defendants in this case should win. On the other hand, if we literally follow the second principle enunciated in *Connelly,* that adverse possession is established where a party intends to hold to a visible,

recognizable boundary, then plaintiffs must win because they intended to hold to the visible, recognizable boundary of Ashard Road.

However, after reviewing the Supreme Court decisions relied upon in *Connelly,* we have come to the conclusion that there is a distinction between the two concepts, albeit a subtle one. In our view, the distinction is between (1) failing to respect the true line, while attempting to do so, and (2) respecting the line believed to be the boundary, but which proves not to be the true line.[1] Thus, in *Warner, supra,* the parties missighted along survey stakes in locating the boundary line before the building of a cottage, which proved to encroach on the neighboring lot. The Court concluded that there was no adverse possession inasmuch as the parties intended to hold to the true line. That is to say, they failed to respect the true line while attempting to do so and, therefore, there could be no adverse possession. An example of the second principle enunciated above, that adverse possession is established where the intent is to claim title to a visible, recognizable boundary, is illustrated in *Connelly* itself. In *Connelly,* the defendants claimed ownership of property to a fence line, apparently under the mistaken belief that the fence accurately depicted the boundary between their property and the plaintiff's property. In fact, approximately 627 square feet over which the plaintiff held title was located on the defendants' side of the fence. The trial court concluded that defendants had established title by adverse possession, and this Court affirmed. Thus, adverse possession by the defendants was established despite the

---

[1] To phrase this slightly differently, the difference is between erroneously placing a monument, intending to place it on the true line, but failing to do so, and erroneously believing a preexisting monument (either artificial or natural) represents the boundary, and holding to that monument.

fact that they were respecting the line believed to be the boundary, but that proved not to be the true line.

In the case at bar, defendants argue that plaintiffs could not have established adverse possession because they never intended to occupy property owned by defendants, but were simply mistaken with regard to where the boundary line was located. We disagree. A mistake regarding the true boundary line does not defeat a claim of adverse possession. *Dubois, supra* at 604-605. Indeed, as pointed out in 7 Powell, Real Property, ¶ 1013[2][f] [i], p 91-46, it would be contrary to fundamental justice and public policy to limit the application of the doctrine of adverse possession to those cases where the adverse possessor knew his possession was deliberately wrong, while excluding the adverse possessor whose possession was by mistake. That would serve to reward the thief and punish the innocent, but mistaken, citizen.

We believe that this case falls within the second principle set forth in *Connelly,* where a landowner intends to claim title to a visible, recognizable boundary; that is, where a landowner respected the line believed to be the boundary but that proved not to be the true line. The evidence indicated that plaintiffs, apparently operating under the mistaken belief that Ashard Road represented the true boundary line, claimed possession and ownership to Ashard Road, including the disputed parcel. That intention was manifested by plaintiffs' exclusive use of the property, the posting of no trespassing signs, and their denial of permission to defendants' predecessors in title to use the disputed parcel. Accordingly, we conclude that the trial court did not err in finding that the elements of a claim of right or color of title for adverse possession were established.

Defendants' final argument is that the trial court's findings of fact were against the great weight of the evidence. However, defendants waived their claim that the decision was against the great weight of the evidence by failing to move timely for a new trial. *Richmond Twp v Erbes,* 195 Mich App 210, 218; 489 NW2d 504 (1992).

Affirmed. Plaintiffs may tax costs.