*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BERNICE PEEPLES,

       Plaintiff-Appellee,

v

OUTFRONT MEDIA, LLC,

       Defendant-Appellant.

UNPUBLISHED
January 15, 2019

No. 340427
Wayne Circuit Court
LC No. 16-010486-CH

Before: LETICA, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

In this real property dispute, defendant appeals as of right an order granting plaintiff's motion for summary disposition and quieting title to the disputed subject property in her favor based upon adverse possession. Defendant argues that the trial court erred because plaintiff failed to demonstrate exclusive and hostile possession of the subject property. For the reasons explained in this opinion, we affirm in part, reverse in part, and remand for entry of an amended judgment consistent with this opinion.

Along with other members of her family, plaintiff owns the property at 75-79 Horton Street in Detroit. This property is labeled as "Lot 84" on the survey that was relied upon by the parties below and will be referred to as such throughout this opinion. Defendant owns the commercial building to the north of Lot 84, which is separated from the lots fronting Horton Street by a 20-foot public alley. In August 2015, defendant purchased the vacant lot adjacent to Lot 84, also known as Lot 83. Defendant had a survey completed around the time of the purchase and discovered that a fence erected by plaintiff encroached on Lot 83.

After learning that defendant planned to remove her fence and replace it with a new fence erected on the correct boundary line, plaintiff filed a complaint to quiet title to a disputed strip of land in her favor on the basis of adverse possession. The disputed subject property consists of the easterly 7.5 feet of Lot 83, as measured along the southerly lot line, and 7.81 feet as measured along the northerly lot line. The southern portion of the subject property is covered with grass and bordered by cement parking blocks, as well as a number of metal poles. Plaintiff's fence begins several feet south of the northern lot line, and encroaches upon Lot 83 by

several inches.[1]  The remaining northern portion of the subject property, situated outside of plaintiff's fence, is unimproved and lacks any significant vegetation.  The trial court determined that plaintiff established entitlement to the subject property by way of adverse possession as a matter of law and quieted title to the property in her favor.

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition.  *Kelsey v Lint*, 322 Mich App 364, 370; 912 NW2d 862 (2017).  Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(10), which tests the factual sufficiency of the complaint.  *Id*.  "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party."  *Barnes v Farmers Ins Exch*, 308 Mich App 1, 5; 862 NW2d 681 (2014).  "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law."  *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).  "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ."  *Id*.  "If, after careful review of the evidence, it appears to the trial court that there is no genuine issue of material fact and the opposing party is entitled to judgment as a matter of law, then summary disposition is properly granted [to the opposing party] under MCR 2.116(I)(2)."  *Lockwood v Twp of Ellington*, 323 Mich App 392, 401; 917 NW2d 413 (2018).

"A party claiming adverse possession must show clear and cogent proof of possession that is actual, continuous, open, notorious, exclusive, hostile, and uninterrupted for the relevant statutory period."  *Marlette Auto Wash, LLC v Van Dyke SC Props, LLC*, 501 Mich 192, 202; 912 NW2d 161 (2018).  On appeal, defendant first argues that the trial court erred by granting summary disposition to plaintiff because plaintiff did not exclusively possess the entirety of the subject property.  We agree in part and disagree in part.

"[W]hat acts or uses are sufficient to constitute adverse possession depends upon the facts in each case and to a large extent upon the character of the premises."  *Burns v Foster*, 348 Mich 8, 14; 81 NW2d 386 (1957).  However, " '[o]ccupation in common with the public is not exclusive possession, neither is possession concurrent with that of the true owner ever exclusive.' "  *Jonkers v Summit Twp*, 278 Mich App 263, 274; 747 NW2d 901 (2008), quoting *Le Roy v Collins*, 176 Mich 465, 475; 142 NW 842 (1913) (alteration in original).  Thus, in *Le Roy*, the defendant could not establish exclusive use of a strip of land he improved as an alleyway when the evidence demonstrated that the alleyway was consistently used as a thoroughfare by the plaintiffs and other neighbors.  *Le Roy*, 176 Mich at 475-476.

By contrast, in *Pulcifer v Bishop*, 246 Mich 579, 583-584; 225 NW 2 (1929), the defendant claimed title to a strip of riverbank in front of his property.  The defendant built and maintained a landing or dock, as well as steps leading down to the riverbank; installed a water pipe; weeded and otherwise cleared the beach area; and used the disputed property for "many years, longer than the statutory period."  *Id*.  The evidence also showed that, despite the

---

[1] The precise distances are unclear from the record.

defendant's occasional warnings to stay off the disputed property, "some persons, especially his neighbors, used the dock and beach at times without protest from said defendant." *Id*. at 584. In holding that the defendant had established his claim of adverse possession, the Court explained that the defendant "exercised all control of these premises that reasonably could be expected in view of their character." *Id*.

Here, the undisputed evidence indicates that plaintiff's family has lived on Lot 84 since approximately 1950 and has treated the subject property as their own since the 1970s when they planted sod on the strip of land adjoining their lot. They maintained the grass on the southern portion of the subject property fronting Horton Street thereafter, but removed the grass on the rear northern portion of the subject property at an unknown point in time. More recently, plaintiff's brothers installed an in-ground sprinkler system to better maintain the grass. Plaintiff implicitly asserted ownership of the subject property to defendant over the years by complaining when employees drove on the grass or left trash and other debris there. In seeming recognition of plaintiff's claim of ownership, defendant was generally responsive to plaintiff's complaints and instructed its employees to refrain from the complained of activities. Plaintiff also installed a series of metal poles on the southern portion of the subject property to ensure that cars traversing Lot 83 would not cut across the grass, though the timing of the installation is disputed by the parties. Defendant's employees assisted plaintiff with planting flowers and removing debris in the grassy area, but this fact is of little consequence because the record suggests they did so with plaintiff's blessing or at her request. Given this evidence, the trial court did not err by finding that plaintiff established exclusive possession with respect to the southern, grassy portion of the subject property.

But the same cannot be said with respect to the full northern portion of the subject property. Plaintiff claims to have maintained and exercised dominion over this area as well, but her assertion is contradicted by the location in which she erected her fence approximately 7 to 10 years ago. Although plaintiff may have attempted to possess the full northern portion of the subject property in the past, the fence she later erected only encroaches upon Lot 83 by a few inches. By placing the fence in this location, she did not exclude others from the remainder of the northern area. Instead, the unimproved area has been left open to the public and the photographic evidence presented by the parties suggests that defendant's employees have parked their vehicles on that portion of the subject property. Furthermore the cement parking blocks that separate the grassy area of the subject property from the rest of Lot 83 end at approximately the same place where the fence begins. Plaintiff even conceded in her deposition that defendant's employees have frequently used the northern area outside of her fence in the last 15 years for various purposes and that she did not ask them to leave. Accordingly, the trial court erred by finding that plaintiff established exclusive possession of the northern portion of the subject area situated outside of her fence. Moreover, because plaintiff cannot establish this element of her claim as it relates to the unimproved area outside of the fence line, defendant is entitled to partial summary disposition.

Defendant also argues that plaintiff was not entitled to summary disposition because she failed to present evidence satisfying the requirement of hostile possession. Possession is considered hostile if it is " 'without permission and in a manner that is inconsistent with the rights of the true owner.' " *Waisanen v Superior Twp*, 305 Mich App 719, 731; 854 NW2d 213 (2014), quoting *Jonkers*, 278 Mich App at 273. Defendant argues that plaintiff did not know

where the true boundary line was located and, therefore, did not intend to use the subject property in a manner that was inconsistent with the rights of the true owner. In support of this theory, defendant asserts that plaintiff established different boundary lines by maintaining grass that encroached approximately 7 feet onto Lot 83 in the front, southern portion of the subject property and later installing a fence that encroached only a few inches onto Lot 83 in the rear, northern portion of the subject property.

This Court has considered the intent of the party claiming adverse possession as relevant to the issue of hostile possession:

> When a landowner takes possession of land of an adjacent owner, with the intent to hold to the true line, the possession is not hostile and adverse possession cannot be established. The corollary to this rule provides that, when the possession manifests an intent to claim title to a visible, recognizable boundary, regardless of the true boundary line, the possession is hostile and adverse possession may be established. [*DeGroot v Barber*, 198 Mich App 48, 51; 497 NW2d 530 (1993) (citations omitted).]

Thus, it is not plaintiff's belief about the location of the property line that is dispositive, but rather her intentions concerning the subject property regardless of who held legal title to the area. As already explained, it is clear that plaintiff and her family took efforts to assert their ownership to the exclusion of defendant and the true owner, at least as it relates to the grassy area in the southern portion of the subject property and the fenced-in area in the northern portion of the subject property.

In sum, the evidence demonstrated that there was no material issue of fact such that plaintiff was entitled to judgment as a matter of law with respect to part of her adverse possession claim. Specifically, plaintiff established title by adverse possession over the grass-covered, southern portion of the subject property fronting on Horton Street and extending toward the alley behind Lots 83 and 84, up until the location at which her fence begins. From the beginning of her fence and extending to the northern lot line, plaintiff established title by adverse possession only with respect to the area enclosed by her fence. As it relates to the area adjacent to and outside of plaintiff's fence, her claim fails because the evidence did not reflect exclusive possession for the 15-year statutory period. Defendant, rather than plaintiff, was entitled to a judgment quieting title in its favor with respect to this portion of the subject property. We therefore affirm in part and reverse in part the trial court's order of final judgment quieting title in plaintiff's favor and remand this matter for entry of an amended judgment consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter

-4-