*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL DOWD,

        Plaintiff-Appellant,

v

MARK A. PRUSS, MICHAEL J. MERDA, DOUG
& JAN HARTOUGH TRUST, and KEVIN A.
HORNICK,

        Defendants-Appellees.

UNPUBLISHED
March 17, 2022

No. 356246
Barry Circuit Court
LC No. 2018-000400-CH

Before: RIORDAN, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, Daniel Dowd, appeals as of right an order granting defendants' motion for a directed verdict. We affirm.

## I. FACTS

This matter involves a small piece of property (the disputed property) that abuts plaintiff's property (the Dowd Property). Plaintiff owned or controlled the Dowd Property beginning in 1986, and continuing to the time of the filing of this case. The disputed property contains a gravel road that plaintiff used to drive to a shed on the Dowd Property. The gravel road was also used by tenants who rented a trailer on the Dowd Property for a couple of years. It is undisputed that as of the filing of this case, defendants held title to the disputed property after purchasing the land from the Delton Kellogg School District in 2010.

In 2005, a survey was conducted, and it was established that the disputed property was not part of the Dowd Property. According to plaintiff, before the survey was conducted, he believed that the disputed property was part of the Dowd Property. Before the survey established the true boundary line for the Dowd Property, plaintiff believed that the boundary line was "somewhere near" some power lines that were near the gravel road on the disputed property. A few years after the survey was conducted, plaintiff approached the Delton Kellogg School District about purchasing the disputed property, but no such sale occurred. Plaintiff testified that it was never his intention to take, or trespass upon, any school district property.

Plaintiff filed a lawsuit that stated a claim for adverse possession or, in the alternative, a prescriptive easement of the disputed property. At the bench trial, the trial court heard testimony from plaintiff as well as four other witnesses called by plaintiff who testified regarding plaintiff's use of the disputed property. These witnesses generally testified to observing plaintiff drive on the gravel road and cutting the grass near the gravel road.

Following the close of proofs in the bench trial, defendants moved for directed verdict pursuant to MCR 2.516. The trial court granted defendants' motion, concluding, in relevant part, that plaintiff had not established that his use of the disputed property was hostile. Plaintiff now appeals.

## II. STANDARD OF REVIEW

The parties disagree as to the proper standard of review in this matter. Plaintiff asserts that because defendants' motion was referred to as a motion for directed verdict, we should review the trial court's decision de novo. See *Sniecinski v Blue Cross and Blue Shield of Mich*, 469 Mich 124, 131; 666 NW2d 186 (2003). Defendants argue that a motion brought at the conclusion of a bench trial should be treated as a motion for involuntary dismissal and reviewed by this Court for clear error. See *Phillips v Deihm*, 213 Mich App 389, 397; 541 NW2d 566 (1995). We agree with defendants that the underlying motion should be treated as a motion for involuntary dismissal. See *Stanton v Dachille*, 186 Mich App 247, 261; 463 NW2d 479 (1990) ("A motion for a directed verdict is more properly made in a jury trial, while a motion to dismiss is used in a bench trial."). Therefore, we treat the motion for directed verdict as a motion for involuntary dismissal, and we review the trial court's decision for clear error. See *Phillips*, 213 Mich App at 397. Conclusions of law are reviewed de novo. *Scholma v Ottawa Co Rd Comm*, 303 Mich App 12, 16; 840 NW2d 186 (2013).

## III. HOSTILE POSSESSION

Plaintiff argues that the trial court erred when it concluded that his use of the disputed property was not hostile. We disagree. Although the trial court's reasoning was partially flawed, its conclusion that plaintiff's use of the disputed property was not hostile was correct.

A party seeking to establish adverse possession must establish that "his or her possession was actual, visible, open, notorious, exclusive, hostile, under cover of a claim of right, continuous, and uninterrupted for the statutory period of 15 years." *Beach v Lima Twp*, 283 Mich App 504, 512; 770 NW2d 386 (2009). See also MCL 600.5801(4). "An easement by prescription results from use of another's property that is open, notorious, adverse, and continuous for a period of fifteen years." *Plymouth Canton Comm Crier, Inc v Prose*, 242 Mich App 676, 679; 619 NW2d 725 (2000). The elements required to demonstrate a prescriptive easement have been described by our Supreme Court as being the same as the elements for adverse possession, except that a prescriptive easement does not require a showing that the use is exclusive. *St Cecelia Soc v Universal Car & Serv Co*, 213 Mich 569, 576; 182 NW 161 (1921).

"[H]ostile use is that which is 'inconsistent with the right of the owner, without permission asked or given,' and which 'would entitle the owner to a cause of action against the intruder.' " *Wengel v Wengel*, 270 Mich App 86, 92-93; 714 NW2d 371 (2006), quoting *Mumrow v Riddle*,

67 Mich App 693, 698; 242 NW2d 489 (1976). "A mistake regarding the true boundary line does not defeat a claim of adverse possession." *DeGroot v Barber*, 198 Mich App 48, 53; 497 NW2d 530 (1993). In other words, possession may be "hostile" notwithstanding that the possessor was "merely mistaken with regard to where the boundary line was located." *Id*. at 51. See also *Houston v Mint Group, LLC*, 335 Mich App 545, 563; 968 NW2d 9 (2021) ("A party seeking to prove hostility need only demonstrate an intent to hold to a visible, preexisting, and recognizable boundary . . . .").

In the instant case, the trial court addressed the issue of hostile possession in its decision. The trial court found that plaintiff "really didn't use the property in a open, hostile way until he built his house," which the trial court found to be in 2005. It is unclear to which property the trial court was contemplating in this quote. It appears that the trial court was referring to the Dowd Property, not the disputed property.

The trial court also concluded that plaintiff had not met the hostile element of adverse possession or prescriptive easement because plaintiff was using the disputed property permissively, and there was no evidence that plaintiff was "trying to take something that wasn't his." The trial court emphasized its finding that plaintiff's intention was not to occupy property that he did not own.

Contrary to the trial court's reasoning, a lack of intent on the part of plaintiff to occupy someone else's land or take something that did not belong to him does not weigh against a claim of adverse possession. As noted, both *DeGroot* and *Houston* held otherwise.

The trial court also concluded that plaintiff had not met the hostile element of his claims because of his "requests, inquiries, and so on with regards to the school district, attempts to buy the property." The trial court's reasoning that plaintiff's attempts to purchase the disputed property meant that his earlier possession was not hostile is incorrect. In *Rozmarek v Plamondon*, 419 Mich 287, 294, 296; 351 NW2d 558 (1984), our Supreme Court held that an offer to purchase a property after the plaintiff's title by adverse possession had ripened was not an admission that his claim was flawed. See also *Munroe v Pere Marquette Ry Co*, 226 Mich 158, 163; 197 NW 566 (1924). To the extent that the trial court reasoned that plaintiff's attempts to purchase the disputed property was an admission of a flaw in his claims, that reasoning was incorrect.

Nonetheless, although the trial court's reasoning was flawed, its ultimate conclusion that plaintiff's use of the disputed property was not hostile was correct. Plaintiff did not establish any visible, preexisting, and recognizable boundary to which he was intending to hold. See *Houston*, 335 Mich App at 563; *DeGroot*, 198 Mich App at 53. Plaintiff agreed when he was asked if his original belief was that the boundary line was "somewhere near the property near the electrical lines." Plaintiff also testified that he did not know where the actual boundary line was until he had the Dowd Property surveyed, which occurred in 2005. Plaintiff's belief that the boundary line to which he claims he intended to hold to was "somewhere near" the electrical lines, and his testimony that he did not know where the actual boundary line was until 2005, does not comport with our definition of hostile possession as described in *DeGroot* and *Houston*.

Accordingly, plaintiff did not establish a visible, preexisting, and recognizable boundary to which he was attempting to hold for the statutory 15-year period.[1] On the basis of the holdings in *DeGroot* and *Houston*, plaintiff did not establish that his possession of the disputed property, to the extent it existed, was hostile for the entire statutory period. See *DeGroot*, 198 Mich App at 53; *Houston*, 335 Mich App at 563.

Thus, although the trial court's reasoning for concluding that plaintiff's possession was not hostile was flawed, the ultimate conclusion that the possession was not hostile was correct. See *Tipton v William Beaumont Hosp*, 266 Mich App 27, 37-38; 697 NW2d 552 (2005) (stating that this Court should not reverse the lower court when the lower court reaches the correct result albeit for the wrong reason). Because the trial court did not err when it concluded that plaintiff had not established that his possession was hostile, it is unnecessary to address plaintiff's other claims of error relating to the trial court's determination that he failed to establish the elements of adverse possession or prescriptive easement.

## IV. CONCLUSION

The trial court correctly concluded that plaintiff failed to show the hostile element of his adverse-possession and prescriptive-easement claims, and it correctly dismissed the case. We affirm.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle

---

[1] At trial, plaintiff repeatedly agreed that he did not have a precise understanding for where the property boundary was located until 2005, when the survey was conducted. Plaintiff filed his complaint in May 2018 and served defendants in July 2018. Because the applicable statutory limitations period is 15 years, see MCL 600.5801(4), and because a statute of limitations is tolled when a plaintiff files a complaint and serves the defendant, see *Gladych v New Family Homes, Inc*, 468 Mich 594, 595; 664 NW2d 705 (2003), it follows that plaintiff here did not satisfy the requisite 15-year period for hostile possession. See also *Nechtow v Brown*, 369 Mich 460, 464; 120 NW2d 251 (1963) (explaining that the plaintiffs acquired land by adverse possession because the evidence showed that they "occupied the premises for a period in excess of 15 years prior to the time of the filing of the bill of complaint").